HAND ·*v.* COLE.

(*Nashville.*    January 21, 1890.)

1. CORPORATIONS.    *Stockholder's liability for wages of company's employes. Statutes creating strictly construed.*

Statutes are strictly construed, which, in derogation of the common law, make stockholders liable for wages earned by employes in the service of the corporation.

2. SAME.    *Same.    Drummers fall within Act 1875, Ch. 142, Sec. 11.*

A traveling salesman or drummer falls within the description of persons provided for by Act 1875, Ch. 142, Sec. 11, making the stockholders of certain corporations individually liable, in case the company becomes insolvent, "for all moneys due and · owing to the laborers, servants, clerks, and operatives of the company." He is not a laborer, servant, or operative, but a clerk within the meaning of that Act.

Act construed: Acts 1875, Ch. 142, Sec. 11 (Code, § 1858 (M. & V.).

Cases cited: 37 N. Y., 640; 84 Penn. St., 168; 38 Barb., 390; 39 Mich., 47; 84 N. C., 340; 90 N. Y., 213; 67 Wis., 590.

FROM DAVIDSON.

Appeal in error from Circuit Court of Davidson County.    W. K. McALISTER, J.

PERCY D. MADDIN for Hand.

GAINES & SLEMONS for Cole.

Hand *v.* Cole.

FOLKES, J. This is an action at law to recover of the defendants, individually, the wages claimed to be ·due plaintiff by the Nashville Plow Company, an insolvent manufacturing corporation, chartered under Section 11 of the . General Incorporation Act of 1875.

Under the case as made in the record, the only question presented is, whether the plaintiff, who was a traveling salesman or drummer in the employ of the company, can claim · the benefit of said Act, as being one of the persons in favor of whom the Legislature has given an individual right of recourse over upon the stockholder.

Section 11 of said Act provides for the creation of mining, quarrying, and manufacturing companies, and contains this clause: "The stockholders are jointly and severally liable, individually, at all times, for all moneys due and owing to the laborers, servants, clerks, and operatives of the company, in case the corporation becomes insolvent."

The proof shows that for a salary of $100 per month, payable as wanted, the plaintiff had been on the road for about twenty-three weeks, and at the factory fourteen or fifteen weeks, during the time of his employment, being out and in alternately, and for varying periods, as directed and required by the company; that while on the road he sold goods by sample or ˙photograph, made collections, settled claims, and generally did any and every thing which is understood to be within the duties of a drummer working on a salary,

26—4 P

subject to the direction and control of the general manager of the company. When not on the road he worked in the stock, shipping and receiving goods, moving and handling stock, etc. He also made sales in the city and collected bills, when so instructed. There is due him salary for five and four-fifths months, during which time he was on the road and at the factory about half each.

Does this character of employment and service bring him within the benefit of the clause of the Act above quoted? While there is no doubt of the power of the Legislature to impose this increased liability upon the stockholder, where it is done in the Act creating the corporation, yet, being in derogation of the common law, such statutes, so far as concerns such liability, are to be strictly construed. "They are a wide departure from established rules, and though founded on considerations of public policy and general convenience, are not to be extended beyond the plain intent of the words of the statute," as said by Mr. Cook in his work on Stock and Stockholders, Sec. 214.

Again, this author says, in speaking of the statutory liability of stockholders for debts of the corporation due its servants or laborers: "There has been great difficulty in determining what persons are to be classed under these terms, but the Courts are not inclined to give a broad application to the words."

It must also be borne in mind that while the Legislature has in such Acts manifested a purpose to guard and protect the wages of a certain class, it does not follow that the class should be extended by any liberality of construction so as to include persons not named. The Courts should be slow to enlarge the class by any latitudinous construction, not only upon the considerations above stated, but for the further reason that the Legislature is not to be presumed to place unnecessary burdens upon the corporations of its creation. They serve a most valuable purpose in developing and building up the resources of the State. By means of the aggregation of capital they are able to accomplish great, and much to be desired, benefits to the public, which individual means and effort would be unable to achieve.

With these general principles to direct us, we are to ascertain, as each case arises, what employe is or is not within the language of the Act. In arriving at a satisfactory conclusion we find but little aid and comfort from the adjudged cases from the Courts of other States, the same language receiving very different construction at the hands of different Courts of equally high authority, as a citation of some of them will show. The following persons have been held not to fall within the terms "servants or laborers:" The secretary of a manufacturing company, 37 N. Y., 640; a civil engineer, 84 Penn. St., 168; a consulting engineer, 38 Barb., 390; an assistant engineer, 39 Mich., 47;

an overseer on a plantation, 84 N. C., 340; a
book-keeper and general manager, 90 N. Y., 213.
These cases seem to rest upon the idea that the
terms named have reference only to persons who
perform menial or manual labor, or, rather, to per-
sons whose chief employment is to perform such
labor, and not to embrace the higher class named
in the authorities just cited, although each of the
persons named did perform more or less of manual
labor as incident to their employment.

On the other hand, a master mechanic or ma-
chinist employed by the year was held to be em-
braced under a statute protecting "clerks, servants,
or laborers." 67 Wis., 590.

But, without further naming the cases, we refer
the curious to Note 1, Sec. 215, Cook on Stock,
where a number of cases are to be found.

The statute under consideration, as we have
seen, uses the words "laborers, servants, clerks,
and operatives." We do not deem it necessary to
define the terms "laborer" or "operative," as it
may be said to be clear, under the principles of
construction that are to govern us, that they do
not include the traveling salesman on a salary of
$100 per month. Whether he would be embraced
under the term "servants" it would be difficult to
say. He would be, if we were at liberty to ac-
cept the term in its broadest sense, as defined by
Mr. Wood in his work on Master and Servant,
viz.: "The word servant, in our legal nomencla-
ture, has a broad significance, and embraces all

persons, of whatever rank or position, who are in the employ and subject to the direction and control of another in any department of labor or business. Indeed, it may in most cases be said to be synonymous with employe." That it is, however, not used in that sense in the statute is shown by the fact that other terms are used which would be altogether unnecessary and idle if it were meant to be synonymous with employe. We would have no room for the words "laborers," "clerks," or "operatives."

We are of opinion, and so decide, that the plaintiff is embraced within the term "clerk" as used in the statute. Webster defines clerk as "An assistant in a shop or store, who sells goods or keeps accounts." Bouvier says he is "A person in the employ of a merchant, who attends to only part of his business, while the merchant himself superintends the whole; or, a person employed in an office to keep accounts or records." Rapalje says, in Business Law: "An assistant, employed to aid in any business, mercantile or otherwise, subject to the advice and direction of his employer."

That "clerk" embraces and includes "salesman" seems beyond all doubt. If the term includes the salesman who remains in the shop or store, we can see no reason why it does not include the salesman on the road, under like terms of employment. Each makes sales, collects accounts, handles goods, and acts under the instructions of the employer.

It is worthy of note that the Act of 1875, Ch. 142, "To provide for the organization of corpora-

tions," creates an individual liability upon the stockholder to employes in different companies in different language, and some of the corporations created are left without any provision at all on the subject. Thus, "cotton compress and warehouse," Sec. 12, has same provision as we have been considering for mining and manufacturing, viz., "laborers, servants, clerks, and operatives;" Sec. 18, as to hotel companies, the terms are "laborers, servants, and clerks;" Sec. 21, as to printing and publishing companies, the language is "journeyman for wages due, and all other servants and employes;" Sec. 22, as to transfer and omnibus companies, "to servants and agents;" Sec. 24, as to steam-boat and packet companies, "to hands and other employes;" while there is no provision at all on the subject as to railway, turnpike, telegraph, cemetery, insurance, street railway, building associations, pawnbroker, levee, banks, nor immigration and real estate companies.

Whatever may have been the purpose of the Legislature in making these distinctions, they do not materially help us to a decision of the case in hand, and we have referred to it merely as a matter of interest in connection with the subject of statutory liability of stockholders so far as concerns employes.

There was no error in the action of the Circuit Judge, and his judgment in favor of the plaintiff for the full amount of the wages or salary shown to be due by the corporation, will be affirmed against the stockholders sued herein, with interest and costs.