## GIBSON et al. v. GILLETTE MOTOR TRANSPORT, Inc.

### No. 1984.

Court of Civil Appeals of Texas. Eastland.

Feb. 16, 1940.

Rehearing Denied March 22, 1940.

Floyd Jones, of Breckenridge, and Joe E. Childers and Guy R. Mobley, both of Abilene, for appellants.

L. H. Welch, of Breckenridge, and Benbow & Saunders, of Dallas, for appellee.

FUNDERBURK, Justice.

In this suit by E. L. Gibson against Gillette Motor Transport, Inc. to recover damages for injuries resulting from a highway collision, the defendant, in addition to defensive pleas, asserted a cross-action against the plaintiff, and impleaded Central ·Surety and Insurance Corporation, insurer of plaintiff, which having paid $525 to Gibson as the result of his injuries received in the collision, claimed subrogation against Gillette Motor Transport, Inc.

In a jury trial the court instructed a verdict for defendant both as against plaintiff and said Central Surety and Insurance Corporation. Plaintiff and said insurance company have appealed.

There is but one assignment of error, the basis of which being the action of the court in giving the peremptory instruction.

It appears from the briefs of the parties that the correctness of the court's action, and of the judgment based upon ´same, are dependent upon whether there was evidence to raise issues of fact required to be submitted to the jury of (1) whether G. B. Miller, the driver of the truck, alleged to belong to defendant, was a servant of defendant, and (2) if so, whether such servant at the time of the collision was acting within the scope of his duties or authority as such servant.

The undisputed evidence showed that the truck alleged to belong to the defendant had attached to it a large van upon which was the name "Gillette Motor Transport Inc." on the side of it. The evidence well identified G. B. Miller as the driver of the truck and that Miller was an employee of defendant. The collision occurred a

few miles west of Breckenridge, Texas, upon a branch of Highway 80. The truck and trailer were heavily loaded with boxes and crates. After the collision Miller had some repairs made to the truck at Breckenridge, requesting the bill to be made out in the name of defendant. An occupant of the automobile with plaintiff, just after the collision, asked Miller who he was employed by, where his company's offices were and the number of the truck. In answer, and upon request, he wrote down upon a card the following:

"Gillette Motor Transport Inc.

"G. B. Miller

"Dallas            .

"41."

In addition, G. B. Miller testified by deposition that defendant was his employer at the time of the collision, that he had worked for the defendant since December 1932, that he was on duty driving the particular Chevrolet truck when involved in the collision, carrying a load for the defendant, that he was making a run from El Paso to Dallas.

Regarding this testimony of Miller the briefs carry a suggestion which constitutes a conspicuous example of a strangely prevalent. misconception of a well-known principle of law. The principle (stated with reference to the law of agency, but equally applicable to the subject of master and servant, employer and employee) is that the fact of agency cannot be proved by the declarations (alone) of the agent. The origin and persistence of the notion that such rule operates to disqualify the agent from testifying as a witness to the fact of agency is a little difficult to understand. 2 Tex.Jur. p. 538, sec. 137.

In our opinion, the evidence was sufficient to raise said issues of fact. In Texas & N. O. Ry. Co. v. Parsons, Tex. Civ.App., 109 S.W. 240, 245, it was said: "The fact that one performs personal services for another, for an agreed compensation, carries with it the presumption of the right of control and discharge by the employer or beneficiary of the services." Upon appeal the same was, in effect, reasserted by the Supreme Court. Texas & N. O. Ry. Co. v. Parsons, 102 Tex. 157, 113 S.W. 914, 132 Am.St.Rep. 857. In

Taylor B. & H. Ry. Co. v. Warner, 88 Tex. 642, 32 S.W. 868, 870, the Supreme Court said: "Every person who is found performing the work of another is presumed to be in the employment of the person whose work is being done, and if the facts be such as to exempt the owner of the property improved, or the person for whom the work is being performed, from liability for the acts of those performing such work, it devolves upon him who claims such exemption to make proof of the terms of the contract, showing that the relation of master and servant did not exist." See Liberty Mutual Ins. Co. v. Boggs, Tex.Civ.App., 66 S.W.2d 787 and authorities cited; Traders' & General Ins. Co. v. Williams, Tex.Civ.App., 66 S.W.2d 780; Jones v. Fann, Tex.Civ.App., 119 S.W.2d 735; Traders & General Ins. Co. v. Boysen, Tex.Civ.App., 123 S.W.2d 1016.

The term "employee" includes "servant" or "agent." Any technical distinction between the terms "servant" and "agent" is believed to be without importance in this case. There was evidence to show that the nature of Miller's duties as an admitted employee were those of a truck driver for a large transportation company. That evidence identified him as a servant, rather than an agent. It was implicit in the fact that he was an employee, that he received pay for his services from the employer.

The decision in American Nat. Ins. Co. v. Denke, 128 Tex. 229, 95 S.W.2d 370, 107 A.L.R. 409, is no authority against such conclusion. In that case the contract from which the employee's status as a servant or agent was determinable, was in evidence and it was held that such evidence showed such status to be that of an agent and not a servant. In the present case there is no evidence of the nature of the contract of employment between the defendant and Miller. There was no evidence to show that Miller was an agent. The evidence does show that Miller was an employee and that his duties were such as to make him a servant.

Being of the opinion that the judgment of the court below should be reversed and the cause remanded, it is accordingly so ordered.