TENNESSEE VALLEY APPLIANCES, INC., v. ROWDEN.—146 S. W. (2d) 845.

Middle Section. August 17, 1940.

Petition for Certiorari denied by Supreme Court, January 11, 1941.

Walter Stokes and Roberts & Roberts, all of Nashville, for plaintiff in error Tennessee Valley Appliances, Inc.

Alfred T. Adams and R. Boyte Howell, Jr., both of Nashville, for defendant in error Oscar Rowden.

CROWNOVER, J. This was an action by the plaintiff Rowden against J. A. Cleaver and Tennessee Valley Appliances, Inc., to recover damages for personal injuries suffered by him when he was run down on a highway by an automobile owned and driven by Cleaver, averred to have been an employee of the Tennessee Valley Appliances, Inc.

The defendants pleaded the general issue of not guilty.

The case was tried by the judge and a jury. At the close of the evidence for the plaintiff and again at the conclusion of all the evidence each defendant moved the court for peremptory instructions in his favor, which motions were overruled. The jury returned a verdict for $1,200 in favor of the plaintiff and against the defendants. On the hearing of the defendants' motion for a new trial the court suggested a remittitur of $200, but overruled the motion on all other grounds. The plaintiff accepted the remittitur and judgment was entered in his favor for $1,000.

The defendant Tennessee Valley Appliances, Inc., appealed in error to this Court. Cleaver did not appeal.

The errors assigned are as follows:

(1) There is no evidence to support the verdict, and the court erred in not directing a verdict for the defendants, as (a) the defendant Cleaver was not guilty of any negligence; (b) the plaintiff was guilty of contributory negligence in stepping in front of the automobile; (c) the defendant Cleaver was an independent contractor.

(2) The verdict was so excessive as to indicate passion, prejudice, and caprice on the part of the jury.

The facts of the case as disclosed by the record are as follows:

The accident occurred at about 7:15 in the morning, on February 4, 1939, on the Ben Allen Road, which intersects the Gallatin Road at a point about five miles from Nashville.

The Ben Allen Road is an oiled road about fifty-four feet wide from gutter to gutter. The paved oiled portion is twenty to twenty-five feet wide, and the shoulders about sixteen feet wide.

Oscar Rowden was walking east on the south side of the road, on the shoulder, about three or four feet from the gutter. Cleaver was driving his automobile in the same direction, behind Rowden. Rowden was struck by the automobile and knocked down.

1. The evidence for the plaintiff was that Rowden was walking on the shoulder of the road; that the windshield of Cleaver's automobile was covered with frost and ice; that Rowden was struck by the auto-

mobile, knocked unconscious, and sustained concussion of the brain and a sprained back and shoulder.

The evidence for the defendants was that there was no frost on the windshield of the automobile; that Cleaver was driving at a speed of fifteen to twenty miles an hour; that Rowden suddenly turned to his left as if to cross the road, and struck the automobile on the side of the fender, and was thrown to the ground; that he was not rendered unconscious; that he told Cleaver, as he helped him up, that he had started to cross the road.

The foregoing evidence made an issue for the jury. There is evidence of defendant Cleaver's negligence, sufficient to support the verdict of the jury, therefore the trial judge was correct in over-ruling the defendants' motion for peremptory instructions, and this court will not disturb the verdict on this account.

2. The question of the plaintiff's contributory negligence was properly submitted to the jury. The jury by its verdict accepted the plaintiff's contention that he was on the shoulder of the road and had a right to presume that defendant Cleaver would drive on the oiled pavement.

3. We think there is nothing in the defendants' contention that Cleaver was an independent contractor.

Cleaver testified that he was employed by the Tennessee Valley Appliances, Inc., as salesman and collector; that he received a salary of $30 a week and 10% commission on sales; that he used his own automobile on the business of the Company, and the Company paid him $8 a week for its use, which was included in his salary; that at the time the accident happened he was on his way to collect some amount due the Company.

A. H. Harned, secretary and treasurer of the Tennessee Valley Appliances, Inc., testified that Cleaver was a general collector for the Company and used his own discretion as to when and where to go to collect.

It appears from the evidence that the Company prepared a list of accounts against people in Nashville, on cards, which it gave to Cleaver for collection, and Cleaver would go to East Nashville one day, to South Nashville the next day, etc., going in a different direction each day. On the fifth and sixth days of the week he was required to go back over the same territory and collect from those he had not seen. He was paid a salary of $30 a week for collections and was given a commission on any appliances that he might sell. Out of this $30 a week he was allowed $8 for the use of his automobile and $22 for his own services.

It further appears that the Company paid social security tax to the United States Government on his employment. In the reports the Company stated that they were paying $22 for his services and $8 for his automobile.

Taking all the evidence together, we think he was just a common collector and worked under the supervision of the Company, and that the relationship of master and servant applies to this case.

██ The generally accepted rule is that if the contract was for results, with no control by the person hiring over the act, of the person hired in procuring the contracted result, then the person hired is an independent contractor and not a servant. And if the employer retains the right to direct the manner in which the business shall be done, as well as the results to be accomplished, then the person hired is a servant. Mayberry v. Bon Air Chemical Company, 160 Tenn., 459, 26 S. W. (2d), 148; Income Life Insurance Co. v. Mitchell, 168 Tenn., 471, 477, 79 S. W. (2d), 572; Powell v. Virginia Construction Company, 88 Tenn., 692, 13 S. W., 691, 17 Am. St. Rep., 925; Marshall v. South Pittsburg Lumber & Coal Co., 164 Tenn., 267, 47 S. W. (2d), 533, 554.

██ On a state of facts of this kind the question whether the driver was an independent contractor or a servant was one for the jury. 27 Am. Jur., 539, sec. 60.

A salesman employed on a salary to devote his whole time to the sale of the company's products in a specified territory, who is authorized to use his automobile and is paid by the company for its upkeep and running expenses, and whose work is controlled and directed by daily communications from the company's office, is the servant of the company, and not an independent contractor, so as to render the company liable for a death due to his negligent operation of the automobile while he was driving from the point of his last call to the garage at his home where he kept his car. Auer v. Sinclair Refining Co., 103 N. J. L., 372, 137 A., 555, 54 A. L. R., 623.

██ Where the facts presented with respect to the relation of employee are as consistent with the relation of agency as with that of independent contractor, the one asserting the existence of the latter relation has the burden of proof. Dishman v. Whitney, 121 Wash., 157, 209 P., 12, 29 A. L. R., 460.

██ It is extremely improbable that the employer would pay social security tax on the driver of this car every month for two years if this employee was not a servant of the Company.

The Social Security Act of 1935, 26 U. S. C. A. Int. Rev. Code, secs. 1401, 1426, does not cover employment of independent contractors. It only covers employees, and the term "employee" does not cover an independent contractor.

The words "employer" and "employee" are synonymous with the words "master" and "servant," and have been adopted by reason of and in deference to the exalted position labor has acquired by the education of the masses. 20 C. J., 1241; 39 C. J., 34, sec. 1; Hand v. Cole, 88 Tenn., 400, 405, 12 S. W., 922, 7 L. R. A., 96.

Hence we think that the defendants have failed to show that Cleaver was an independent contractor, and the jury was correct in finding that he was a servant of the Company on the business of the Company at the time he negligently drove his car against the plaintiff. Cleaver admitted that he was on his way to collect an account of the Company against some lady who lived in that section of the City.

4. We think the question of damages was peculiarly one for the jury. Power Packing Company v. Borum, 8 Tenn. App., 162.

It appears that the plaintiff was knocked unconscious, stayed in a hospital four days, and was incapacitated for work for about three months, as the result of which he lost his job, and has suffered much pain. Hence we think the verdict was not excessive.

All the assignments of errors being overruled, the judgment of the lower court is affirmed. A judgment for $1,000 together with interest from December 11, 1939, to the present, will be entered in this court in favor of Rowden and against Tennessee Valley Appliances, Inc. The costs of the cause including the costs of the appeal are adjudged against the Tennessee Valley Appliances, Inc., and the surety on its appeal bond.

Felts, J., and Higgins, S. J., concur.