FARM BUREAU MUTUAL INSURANCE COMPANY *v.*
COFFIN ET AL.

[No. 19,551. Filed November 28, 1962. Rehearing denied January 2, 1963. Transfer denied April 1, 1964.]

*Young & Young,* of Indianapolis, and *J. Gordon Gibbs,* of Danville, for appellants.

*Robert Hollowell, John P. Price, Hollowell & Hamill,* of counsel, all of Indianapolis, *Joseph A. Stevenson,* and *Stevenson, Kendall & Stevenson,* of counsel, of Danville, for appellees.

PFAFF, J.—This action was begun by the appellee, Bonnie Eugene Coffin, to recover on an alleged oral contract of insurance between the appellee and the appellant through its employee, James R. Pierson, in which contract appellee's liability and property damage insurance was transferred to a new car and comprehensive and collision coverages were added to the

policy. The appellant's answer denied that appellee had his automobile insured with the appellant except for bodily injury and property damage.

The issues having been formed, a trial was held and evidence was heard before the court without a jury, which resulted in a finding and judgment for the appellee in the sum of $1760.00 plus costs. A motion for a new trial and later an amended motion for a new trial were filed and overruled. The assignment of errors contains four specifications. Two are combined for discussion in the appellant's briefs and one is waived. Thus the appellant has relied on two grounds for reversal.

The evidence discloses that the appellee, Bonnie Eugene Coffin, who was an assigned risk to the appellant, Farm Bureau Mutual Insurance Company, called the appellant's home office on December 13, 1955. When a girl answered the telephone, appellee stated that he wanted to transfer the insurance on his car. The call was switched to a second girl who in turn stated that she would connect appellee with Dick Pierson (James R. Pierson). When the appellee told James R. Pierson that he wanted to transfer the liability and property damage insurance on his 1953 Chevrolet to a new 1956 Buick and get additional collision and comprehensive insurance, the reply was: "O.K. you are covered." Pierson has a different version of this conversation, but in view of the fact that the appellee was successful he is entitled to the testimony most favorable to him.

Pierson also told the appellee that his application papers would be in the morning mail and the appellee should fill them out and return them. In completing these forms, appellee, Coffin, did not properly

mark the application to indicate that he desired the comprehensive and collision coverages.

The testimony indicates that James R. Pierson was not an insurance agent. At the time in question, he was Typing Supervisor in the Auto Underwriters Department. Transfers of insurance were routine matters; however evidence revealed the home office would only give additional coverage on written directives. The usual practice was to deal through an agent.

There is no contrary testimony to the statements that Pierson had no authority to give collision coverage to an assigned risk.

The appellee had an accident one day after he talked to Pierson, that is, on December 14, 1955. This action was begun to recover for damage to the appellee's car which damage was caused by that accident.

The Pittsboro Branch, Lizton State Bank, Pittsboro, was a party to the original action because they held a mortgage on the appellee's 1956 Buick. They requested that the appellee obtain the comprehensive and collision coverage. The bank, however, is no longer concerned in the outcome as the loan has been repaid.

The briefs of the appellant and the appellee do not argue conflicting cases but rather each earnestly and somewhat accurately presents a different position. The appellant alleges that Pierson is a special agent; therefore appellee, Coffin, had a duty to inquire as to the extent of his authority. The appellee contends that regardless of the actual authority of Pierson he had the appearance of a general agent; therefore it was unncessary for the appellee to inquire as to his specific authority.

The problem is whether the law applicable to special agents or that applicable to general agents should be followed in this case.

"The distinction between a general and special agent is very accurately and correctly stated by Mr. Wait, in his work on Law and Practice, vol. 1, p. 215, where it is said: 'A general agent is one who is authorized to transact all the business of his principal, or all his business of some particular kind, or at some particular place. The principal will be bound by the acts of a general agent, if the latter acted within the usual and ordinary scope of the business in which he was employed, notwithstanding he may have violated the private instructions which the principal may have given him, provided the person dealing with such agent was ignorant of such violation and that the agent exceeded his authority. *Munn* v. *Commission Co.*, 15 Johns. 44; *Jeffrey* v. *Bigelow*, 13 Wend. 518. The authority of an agent being limited to a particular business does not make it special; it may be as general in regard to that, as though its range were unlimited. *Anderson* v. *Coonley*, 21 Wend. 279. A special agent is one who is authorized to do one or more specific acts, in pursuance of particular instructions or within restrictions necessarily implied from the act to be done. The principal is not bound by the acts of a special agent, if he exceeds the limits of his authority. And it is the duty of every person who deals with a special agent to ascertain the extent of the agent's authority before dealing with him. If this is neglected, such person will deal at his peril, and the principal will not be bound by any act which exceeds the particular authority given.' " *Cruzan* v. *Smith et al.* (1872), 41 Ind. 288, 297. See also 1 West's Indiana Law Encyclopedia, *Agency*, §52, p. 332.

In *Buchanan* v. *Caine* (1914), 57 Ind. App. 274, 282, 106 N. E. 885, the trial court gave the following jury instruction:

" '(9) Under the law a special agent can bind his principal only to the extent that he has authority from such principal, unless such principal should ratify the unauthorized acts of such agent, which matter I shall speak of further on. It therefore follows in this case that if you should find that the defendant and John G. Ingalls entered into the contract at Indianapolis, as claimed by the defendant, before you can charge the plaintiff in any way with such agreement you must find that John G. Ingalls had authority from the plaintiff to make such contract, or if he did not in fact have such authority, then that the plaintiff subsequently ratified the action of said Ingalls in entering into such new contract, if you should find the same was entered into.' "

Before the Appellate Court error was charged on the basis that this instruction ignored the possibility that a special agent might act within his apparent authority. The court held that the instruction assumed that the appellee was a special agent, and this was error because the question as to whether Ingalls was a special agent or a general agent is a fact determination.

In *Jasper County Farms Co.* v. *Holden* (1923), 79 Ind. App. 214, 216, 137 N. E. 618, it is stated:

"The character of said agency, whether general or special, was also a question of fact, and for the purpose of determining this fact all the acts and dealings of the said agent were competent. This necessarily follows, because the *ostensible* powers of an agent are his *real* powers; and so the vital question was one of apparent authority of the agent. *Hoshor Platt Co.* v. *Miller* (1921), 238 Mass. 518, 131 N. E. 310."

Since the trial judge below found for the appellee and entered judgment, he must have concluded that Pierson was clothed with such authority that the appellee was justified in assuming that Pierson was a general agent. The question then

is whether sufficient evidence was presented from which the trial judge could find that James R. Pierson had apparent authority to enter into an oral contract for the transfer of the appellee's liability insurance and the addition of comprehensive and collision insurance to the policy. The appellee called the appellant's home office and stated that he desired to transfer his insurance. He talked to two different girls who did not have authority to make such a transfer. Finally he was connected with James R. Pierson, who told the appellee that he had collision coverage as of that moment. We think that these facts are sufficient to sustain a finding that James R. Pierson had apparent authority to transfer the appellee's liability and property damage insurance and to add collision coverage.

When one has the appearance of a general agent the law is clear that a third person dealing with him is not bound to inquire into his specific authority, nor is the principal protected by secret limitations upon the authority of such an agent. The reason for the rule is that where one of two innocent persons must suffer because of the betrayal of a trust reposed in a third, the one who is most at fault should bear the loss. Since the principal put the agent in the position of trust, he is the one who should suffer the detriment. *Manning and Others* v. *Gasharie and Others* (1866), 27 Ind. 399; *Home Ins. Co.* v. *Strange* (1919), 70 Ind. App. 49, 123 N. E. 127; *Old Line Auto Ins.* v. *Kuehl et al.* (1957), 127 Ind. App. 445, 141 N. E. 2d 858; 1 West's Indiana Law Encyclopedia, *Agency*, §52, p. 332.

The appellant has relied almost exclusively upon *State Life Ins. Co.* v. *Thiel* (1939), 107 Ind. App. 75,

20 N. E. 2d 693. However, that case can be distinguished from the issue before us, because Besing, the local representative in that case, was a special agent. The court said that there was no evidence that Besing had actual or apparent authority. On the other hand, appellant herein clothed Pierson with apparent authority. The appellee called the appellant's home office and stated that he wanted to transfer his insurance. Employees of the appellant (principal) then connected appellee (third party) with Pierson (apparent general agent).

The remaining assignment of error was the overruling of appellant's contention in the Amended Motion for New Trial to the effect that the trial court erred in admitting in evidence, over the objection of the appellant, the evidence on direct examination of the appellee, Bonnie Eugene Coffin, of his telephone conversation with Pierson. The appellant asserts that the application filed by the appellee subsequent to his telephone conversation with Pierson embraced any previous oral contract with the appellees, because this application for transfer was in writing.

Appellant cites general authority for parts of his argument. However he fails to present cases or a cogent argument why the written application here should be treated as a written contract. The application in this case does not on its face contain any provisions of a policy, oral or written, issued or agreed to by appellant. The record does not indicate nor does appellant contend that any policy of insurance, written or oral, was issued or agreed to by appellant in reliance upon any statement or representations contained in the written application.

In *Wright* v. *State* (1958), 237 Ind. 593, 595, 147 N. E. 2d 551, the Supreme Court said:

"Appellant asserts here as cause for appeal grounds numbered 1 to 11, as stated in the motion for new trial. However, grounds numbered 6 through 11 are not supported by any cogent argument or citation of authorities. It is encumbent upon appellant on appeal, whether the cause be civil or criminal, to affirmatively show harmful error by argument and citation of authorities. Rule 2-17 (e). Errors assigned and causes for new trial not so treated are deemed to be waived. Rule 2-17 (f)."

In this case appellant has failed to make such a cogent argument or presentation of authorities in its brief to as to merit further consideration of this contention.

Even if the trial court concluded that said James R. Pierson was a special agent, it appears, nevertheless, upon the record herein, that the evidence was amply sufficient to support the finding that he was clothed with the apparent authority of a general agent authorized to enter into the contract now in question on behalf of the appellant. The appellant has failed to show error by the record; therefore the judgment must be affirmed.

Judgment affirmed.

Gonas, P. J., Bierly and Kelley, JJ., concur.

NOTE.—Reported in 186 N. E. 2d 180.