721 P.2d 1240

**Edna WILDER and Lewis Wilder,
Plaintiffs-Appellants,**

v.

**John R. REDD, Defendant-Respondent.**

**No. 16092.**

Supreme Court of Idaho.

June 18, 1986.

James F. Combo, Idaho Falls, for plaintiffs-appellants.

Earl Blower, of Petersen, Moss, Olsen, Meacham & Carr, Idaho Falls, for defendant-respondent.

BAKES, Justice.

Plaintiff, Edna Wilder, appeals from the district court grant of defendant John Redd's summary judgment motion and the dismissal of her complaint. In this appeal, Wilder alleges that the district court improperly applied the co-employee immunity doctrine. We disagree and affirm the district court's order dismissing Wilder's complaint.

At approximately 11:30 a.m. on August 1, 1984, Edna Wilder, an employee of E.G. & G Idaho, Inc., was struck by an automobile while she was walking across a roadway within the parking lot owned by E.G. & G. Idaho, Inc. The automobile which struck Edna Wilder was driven by John Redd, another E.G. & G. employee. At the time of the accident, Redd had left his office and was going to lunch. Wilder was in the process of performing her employment duties.

After Wilder filed a negligence action against Redd, Redd filed a motion for summary judgment in the district court. This motion urged the court to dismiss Wilder's complaint under the co-employee immunity doctrine established under I.C. §§ 72–209 [1]

1. **72–209. Exclusiveness of liability of employer.**—(1) Subject to the provisions of section 72–223, the liability of the employer under this law shall be exclusive and in place of all other liability of the employer to the employee, his spouse, dependents, heirs, legal representatives or assigns.
(2) The liability of an employer to another person who may be liable for or who has paid damages on account of an injury or occupational disease or death arising out of and in the course of employment of an employee of the employer and caused by the breach of any duty or obligation owed by the employer to such other person, shall be limited to the amount of compensation for which the employer is liable under this law on account of such injury, disease, or death, unless such other person and the employer agree to share liability in a different manner.
(3) *The exemption from liability given an employer by this section shall also extend to the employer's surety and to all officers, agents, servants and employees of the employer or surety,* provided that such exemptions from liability shall not apply in any case where the injury or

and 72–211.[2] In May of 1985, the district court issued a memorandum decision, finding that, since Wilder and Redd were both acting within the "course of employment" at the time of the accident, the co-employee immunity doctrine barred Wilder's suit. From the district court's order dismissing Wilder's complaint, Wilder now appeals.

Idaho workmen's compensation statutes provide the exclusive remedy of an employee for injuries arising out of and in the course of employment. I.C. § 72–211; *Yeend v. United Parcel Service, Inc.*, 104 Idaho 333, 334, 659 P.2d 87, 88 (1983). The employer's exemption from tort liability has been extended, by statute, "to the employer's surety and all officers, agents, servants and employees of the employer or surety." I.C. § 72–209. This exemption from liability does not, however, extend to non-employee third parties. *See* I.C. § 72–223. Under I.C. § 72–223, injured employees may receive workmen's compensation benefits and thereafter bring negligence actions against third party tortfeasors. *Tucker v. Union Oil Co. of California*, 100 Idaho 590, 603, 603 P.2d 156, 169 (1979). In this appeal, we are asked to determine whether the district court correctly ruled that Redd was a co-employee entitled to the exemption from liability given to a co-employee under I.C. § 72–209, or whether, under the facts of this case, Redd should be subject to liability as a third party tortfeasor under I.C. § 72–223.

Wilder argues that since Redd was on personal business, *i.e.*, going to lunch, at the time of the accident he should not be considered an employee for purposes of the co-employee immunity doctrine as set forth in I.C. § 72–209. Wilder argues that the co-employee immunity doctrine is only available to an employee if that employee is acting within "the scope of employment" at the time of the accident, rather than merely "the *course* of employment." According to Wilder, an employee's conduct is within the scope of employment only if the conduct is actuated to some extent by an intent to serve the master. In other words, Wilder argues that an employee is only entitled to co-employee immunity if an employee is acting in an agency capacity and a *respondeat superior* relationship exists between the employee and the employer. Wilder argues that the district court erred in applying the co-employee immunity doctrine here because, at the time of the accident, Redd's conduct was not actuated to some extent by an intent to serve the employer.

Redd, on the other hand, argues that the district court was correct in concluding that, under existing Idaho law, he is entitled to co-employee immunity since he was acting within the "*course* of employment" at the time of the accident. He argues that the district court correctly applied the regular workmen's compensation "*course* of employment" standard set out in I.C. § 72–102(14)(a), rather than a "*scope* of employment" standard, to determine whether he was entitled to co-employee immunity under I.C. § 72–209. Redd asserts that there is no "scope of employment" standard in the Idaho Workmen's Compensation Act, and therefore I.C. § 72–209 should be interpreted to make it internally consistent with I.C. § 72–102(14)(a), and that the "course of employment" standard of I.C. § 72–102(14)(a) should be used to determine "employee" status for all purposes, including determinations as to whether an individual is an employee for purposes of co-employee immunity under I.C. § 72–209.

death is proximately caused by the wilful or unprovoked physical aggression of the employer, its officers, agents, servants or employees, the loss of such exemption applying only to the aggressor and shall not be imputable to the employer unless provoked or authorized by the employer, or the employer was a party thereto. (Emphasis added.)

2. **72–211. Exclusiveness of employee's remedy.**—Subject to the provisions of section 72–223,

the rights and remedies herein granted to an employee on account of an injury or occupational disease for which he is entitled to compensation under this law shall exclude all other rights and remedies of the employee, his personal representatives, dependents or next of kin, at common law or otherwise, on account of such injury or disease.

■ Having carefully considered the Idaho statutes, and our prior cases, we conclude that the district court correctly applied the "course of employment" standard.

Unlike the California legislature, which expressly limited co-employee immunity to "any other employee of the employer acting within the *scope* of his employment ...," *see Saala v. McFarland*, 63 Cal.2d 124, 45 Cal.Rptr. 144, 403 P.2d 400 (1965), the Idaho legislature expressly extended an exemption from liability to "all officers, *agents*, servants, *and employees* of the employer or surety" without adopting the California "scope of employment" standard. I.C. § 72–209 (emphasis added). We believe it is significant that in adopting I.C. § 72–209, the legislature has expressly extended the immunity both to employees, as well as agents of the employer, referring to them separately. Since throughout the Workmen's Compensation Act the relevant criteria for deciding "employee" status has been the "course of employment" test set forth in I.C. § 72–102(14)(a), it is clear that this same standard is to be used to determine "employee" status for purposes of determining co-employee immunity. *See Foust v. Bufford*, 92 Idaho 639, 448 P.2d 645 (1968).

The history of the co-employee immunity doctrine in Idaho also indicates that the legislature had the "course of employment" standard in mind when I.C. § 72–209 was enacted. Prior to the enactment of I.C. § 72–209, Idaho had acknowledged the general common law rule of co-employee immunity which was commonly recognized in other states. In the case of *Foust v. Bufford*, 92 Idaho 639, 448 P.2d 645 (1968), on facts strikingly similar to those involved in this case, this Court used the "course of employment" test in applying the common law co-employee immunity rule.[3] Since the legislature is presumed to have enacted I.C. § 72–209 with knowledge of this Court's prior common law interpretation, *see C. Forsman Real Estate Co. v. Hatch*, 97 Idaho 511, 515, 547 P.2d 1116, 1120 (1976), it may be presumed that, in the absence of statutory directive otherwise, the statute was adopted with this Court's prior interpretation upon it.[4] Accordingly, we must conclude that in enacting I.C. § 72–209, the legislature intended the "course of employment" standard to apply.

In adopting the "course of employment" standard, the legislature adopted what *Larson*, in his comprehensive treatise on workmen's compensation law, has called "the more satisfactory test." As *Larson* states:

"The commonest question that arises in these [co-employee immunity] cases is: which test of 'course of employment' applies? Is it the workmen's compensation test, or the vicarious liability test? The answer may be dictated by the wording of the immunity clause itself. In California, for example, under the statutory phrase 'acting within the scope of his employment,' suit is barred against the co-employee only if at the time of the injury he was actively engaged in some service for the employer....

"South Carolina, Nevada and Texas also have adopted the common-law test of

---

3. While the pre–1971 Workmen's Compensation Act contains no statute dealing with co-employee immunity, the act did contain the same "course of employment" standard for determining an employee's right to compensation. This standard was then carried over into the 1971 recodification of the workmen's compensation laws. *See* I.C. § 72–102(14)(a).

4. We expressly reject Wilder's contention that this Court adopted the narrower "scope of employment," or agency, test in *White v. Ponozzo*, 77 Idaho 276, 291 P.2d 843 (1955). In *White*, it was clear that the plaintiff's co-employee was acting within the "scope of employment." As an agent of the employer, this Court stated, "the co-employee becomes merged in the employer and is not a third person, within the meaning of the compensation law, against whom a damage action may be maintained." *Id.* at 280, 291 P.2d at 845. Thus, while *White* provides that agents of an employer are entitled to immunity, *White* does not limit this immunity to such agents. It was not until this Court decided *Foust v. Bufford, supra*, that the question whether non-agent employees were entitled to immunity was addressed. As noted above, *Foust* determined that employees acting within the "course of employment," as defined under the workers compensation laws, also were entitled to this immunity.

scope of employment, as when in parking lot cases they have ruled that a tort action against the tortfeasor employee was not barred because under the circumstances the employer could not have been held liable in tort for the same injury.

"The more satisfactory test, unless expressly ruled out by statute, is that adopted by New Jersey, Kentucky, Indiana, Oklahoma, and Florida, which simply use the regular workmen's compensation course of employment standard for this purpose. After all, there are troubles and complications enough administering one course of employment test under the act, without adding a second. By adopting the compensation test, a court has at hand a ready-made body of cases with which to dispose of most borderline situations." 2A Larson, Workman's Compensation Law § 72–23 (citations omitted).

Thus, through legislative directive, Idaho has joined with *Larson,* and with the courts of those states which have chosen to read their workman's compensation laws in an internally consistent manner, granting immunity to those employees acting within the "course of employment." *See, e.g., Blank v. Chawla,* 234 Kan. 975, 678 P.2d 162, 168 (1984); *Massey v. Selensky,* 685 P.2d 938, 940 (Mont.1984); *Cottonwood Steel Corp. v. Hansen,* 655 P.2d 1226 (Wyo.1982); *Ward v. Tillman,* 179 Ind. App. 626, 386 N.E.2d 1003 (1979); *Jackson v. Hutchinson,* 453 S.W.2d 269 (Ky.Ct.App. 1970). This reading of the workmen's compensation laws will serve to promote harmony in the workplace. *Cottonwood Steel Corp. v. Hansen, supra* at 1231; *Meyer v. Kendig,* 641 P.2d 1235, 1239–40 (Wyo. 1982); *Bazley v. Tortorich,* 397 So.2d 475, 484 (La.1981). We conclude that the district court did not err in the application of the "course of employment" standard.

■ The district court also correctly determined that Redd was acting within the "course of employment" at the time of the accident, based on our prior cases. At the time of the accident, Redd was in his vehicle, in the company parking lot, on his way to lunch. In *Foust v. Birds Eye Division of General Foods Corp.,* 91 Idaho 418, 422 P.2d 616 (1967), Mrs. Foust was injured by an automobile driven by a fellow employee as the co-employee backed from a parking space in a company parking lot. At the time of the accident, both the driver and Mrs. Foust had ended their shifts and were preparing to go home. The employer appealed to this Court after Mrs. Foust received an award of workmen's compensation benefits. On appeal, this Court affirmed the finding that Mrs. Foust's injuries arose in the course of her employment. Moreover, in *Foust v. Bufford,* 92 Idaho 639, 448 P.2d 645 (1968), decided one year later, this Court held that the driver of the car which struck Mrs. Foust was also acting in the course of his employment. As the district court in the instant case correctly stated, "The *Foust* case has a fact situation which is almost identical to the case at hand." Thus, despite Wilder's arguments to the contrary, this Court has previously determined that an employee, preparing to immediately depart from the place of employment is, for purposes of the co-employee immunity doctrine, acting within the course of employment, at least while still on the employer's premises. Under the holding in *Foust,* Redd was acting within the course of his employment, and therefore he is entitled to co-employee immunity pursuant to I.C. § 72–709.

Accordingly, the district court's application of the "course of employment" standard to determine whether an employee is entitled to co-employee immunity is correct, as is the district court's conclusion that, under the facts of this case, Redd was entitled to co-employee immunity.

Affirmed. Costs to respondent.

DONALDSON, C.J., and SHEPARD, J., concur.

HUNTLEY, Justice, dissenting.

I respectfully dissent and would reverse the decision of the district court for the reasons which follow.

After Wilder filed a negligence action against Redd, Redd filed a motion for summary judgment. This motion urged the court to dismiss Wilder's complaint under the co-employee immunity doctrine established under I.C. § 72–209[1] and 72–211[2], which motion was granted. The district court based its summary judgment order on the related cases of *Foust v. Birds Eye Division of General Foods Corp.*, 91 Idaho 418, 422 P.2d 616 (1967) (Foust I) and *Foust v. Bufford*, 92 Idaho 639, 448 P.2d 645 (1968) (Foust II). *Foust I* and *Foust II* involved a parking lot accident analogous to that in the case at bar. In *Foust II*, this Court found that the co-employee immunity doctrine immunized Albina Foust's co-employee from liability for Foust's injuries suffered in a parking lot accident. Since *Foust II* was wrongly decided, we should reverse the district court's order and remand the case for further proceedings.

### I.

As frequently stated by this Court, "[s]ummary judgment is appropriate only when there is no genuine issue of material fact after the pleadings, depositions, admissions and affidavits have been construed most favorably to the opposing party and the moving party is entitled to judgment as a matter of law." *Boise Car and Truck Rental Co. v. Waco, Inc.*, 108 Idaho 780,

783, 702 P.2d 818, 821 (1985); I.R.C.P. 56(c) (1980). Therefore, if the co-employee immunity doctrine does not apply to Redd's behavior, we should remand the case for further proceedings.

The district court based its decision on *Foust I* and *Foust II*. In *Foust I*, the question before this Court was whether Foust's action in walking across the employer's parking lot following work "arose out of and in the course of employment" so as to make Foust eligible to receive worker's compensation benefits. I.C. § 72–209. This court cited the proposition that employee accidents which take place on the employer's premises are presumed to be in the course of employment. *Id.*, 91 Idaho at 419, 422 P.2d at 617. This Court held that the accident followed as a "natural incident" to the work and to "have been contemplated by a reasonable person familiar with the whole situation." *Id.* (quoting *Kiger v. Idaho Corporation*, 85 Idaho 424, 430, 380 P.2d 208, 210 (1963)); *Erikson v. Nez Perce County*, 72 Idaho 1, 5, 235 P.2d 736, 738 (1951); *Larsen v. State Industrial Accident Commission*, 135 Or. 195, 295 P. 195, 196 (1931).

In *Foust II*, this court held that the earlier finding that Foust was in the course of her employment decided the issue of whether Bufford, the tortfeasor, was also in the course of his employment at the time

---

1. **72–209. Exclusiveness of liability of employer.**—(1) Subject to the provisions of section 72–223, the liability of the employer under this law shall be exclusive and in place of all other liability of the employer to the employee, his spouse, dependents, heirs, legal representatives or assigns.

(2) The liability of an employer to another person who may be liable for or who has paid damages on account of an injury or occupational disease or death arising out of and in the course of employment of an employee of the employer and caused by the breach of any duty or obligation owed by the employer to such other person, shall be limited to the amount of compensation for which the employer is liable under this law on account of such injury, disease, or death, unless such other person and the employer agree to share liability in a different manner.

(3) *The exemption from liability given an employer by this section shall also extend to the employer's surety and to all officers, agents, ser-*

*vants and employees of the employer or surety,* provided that such exemptions from liability shall not apply in any case where the injury or death is proximately caused by the wilful or unprovoked physical aggression of the employer, its officers, agents, servants or employees, the loss of such exemption applying only to the aggressor and shall not be imputable to the employer unless provoked or authorized by the employer, or the employer was a party thereto. [Emphasis added].

2. **72–211. Exclusiveness of employee's remedy.**—Subject to the provisions of section 72–223, the rights and remedies herein granted to an employee on account of an injury or occupational disease for which he is entitled to compensation under this law shall exclude all other rights and remedies of the employee, his personal representatives, dependents or next of kin, at common law or otherwise, on account of such injury or disease.

of the accident. This court stated, "The decision of the district court ... granting Bufford's motion for summary judgment on the basis that he was as a matter of law acting in the course of his employment, is affirmed on the authority of the first *Foust* case ... and the numerous authorities cited therein." *Foust II, Id.,* 92 Idaho at 639, 448 P.2d at 645.

We should reconsider *Foust II* because this court decided that case on the ground that *Foust I* had determined the issue of co-employee immunity when in fact *Foust I* did not address the issue. *Foust I* resolved the issue of whether the Worker's Compensation Law would allow recovery for an employee's parking lot accident, but did not resolve the issue of whether an employee involved in a parking lot accident should be immune from liability under the co-employee immunity doctrine. I.C. § 72–209 sets the standard by which an injured worker may recover from the Worker's Compensation Fund: "The liability of an employer ... on account of an injury ... arising out of and in the course of employment ... shall be limited to the amount of compensation for which the employer is liable under this law ..." The courts in Idaho have often had to interpret when an accident "aris[es] out of and in the course of employment." *Id.*

No such standard or body of law exists in Idaho to determine when a co-employee shall be immune from liability under the Worker's Compensation Law. The issues of co-employee immunity and compensation under the Worker's Compensation Law are separate and the *Foust II* court did not address this issue. This fact is sufficient to allow us to reconsider *Foust II* in light of subsequent developments.

This court decided *Foust II* before the legislature passed the statutory version of the co-employee immunity doctrine in 1971. Usually, we may presume that the legislature codifies any prior case law into a subsequent statutory modification, absent a specific statutory directive otherwise. However, *Foust II* was sufficiently obscure in its reasoning that it cannot logically be said to have had such an effect. I move on to discuss whether the legislature's amendments to I.C. § 72–209 determine what standard shall apply in co-employee immunity cases.

## II.

I.C. § 72–209(3) states, "The exemption from liability given an employer by this section shall also extend to the employer's surety and to all officers, agents, servants and employees of the employer or surety ..." Nowhere does the statute state whether the "course of employment" standard should apply to co-employee immunity. I.C. § 72–204 provides the following definition: "The following shall constitute employees in private employment ... subject to the provisions of this law: (1) A person performing service in the course of the trade, profession or occupation of an employer." While this section does contain the "course of" employment language of *Foust I,* § 72–204 prefaces that language by requiring that the employee be "performing a service" to be considered an employee for purposes of § 72–209. Therefore, I.C. § 72–204 does not make clear whether the "course of employment" standard or a *respondeat superior* standard should govern the co-employee immunity doctrine.

The immunity section itself states that the law shall immunize "the officers, agents, servants, and employees" of the employer. I.C. § 72–209(3). This language also does not determine the co-employee immunity issue. It may be contended that the legislature must have intended to adopt the "course of employment" standard because the statute exempts both agents and employees from liability. If the legislature had intended to adopt a *respondeat superior* standard, the argument goes, it could have done so by attaching immunity only to the agents of the employer. I find this argument to be unpersuasive.

I note initially that the Texas civil appeals court, when faced with substantially the same statutory language, adopted a *respondeat superior* standard of co-em-

ployee immunity. *Ward v. Wright*, 490 S.W.2d 223, 226 (Tex.Civ.App.1973). The Texas Workers' Compensation Law states, in pertinent part: "The employees of a subscriber ... shall have no right of action against their employer or against any agent, servant or employee of said employer ..." Tex.Rev.Civ.Stat. Ann. art. 8306, sec. 3 (Vernon 1967) (amended 1983). This language is indistinguishable from the Idaho statute.

If the Workers' Compensation Law contained only the word "agent," the statute would not clearly adopt a *respondeat superior* standard. While an "employee" in the *respondeat superior* sense may always technically be an employer's "agent," such is not so in common legal usage. In fact, the Black's Law Dictionary definition of "agent" does not specifically mention the employer-employee relation.[3] Further, we cannot expect the language of the statute to reveal subtle nuances of meaning when I.C. § 72–209 contains blatant excess verbiage. The statute exempts both employees and servants from liability. However, the two words are synonymous. Black's Law Dictionary 471 (rev. 5th ed. 1979) (citing *Gibson v. Gillette Motor Transport*, 138 S.W.2d 293, 294 (Tex.Civ.App.1940); *Tennessee Valley Appliances v. Rowden*, 24 Tenn.App. 487, 146 S.W.2d 845, 848 (1940)). Therefore, even if we assume that the meaning of the word "agent" completely encompasses the meaning of the word "employee," we cannot be sure that including agents and employees in I.C. § 72–209 is not a matter of excess verbiage.

The deciding factor in this case is that the policy reasons for adopting broad coverage under the Workers' Compensation Law do not apply with such strength to providing immunity for co-employee accidents. Workers' compensation originated as a compromise between workers and employers. Employers agreed to give up normal defenses and assume automatic liability, while employees gave up their right to common law verdicts. 2A Larsen, The Law of Workmens' Compensation (1983), § 72–22. Therefore, the broad coverage of the Worker's Compensation Law was intended to offset the reduced size of recovery for work place accidents. This policy trade-off does not apply with the same force to co-employee accidents and cases involving third-party tortfeasors. Recognizing this, the legislature enacted I.C. § 72–223[4] to allow employees to bring common law actions against those "other than the employer." *Id.* Further, I cannot read I.C. § 72–209(3) to immunize employees from suit no matter what the circumstances. For example, if two employees of the same employer were to have an accident in a grocery store parking lot on a weekend while one of the employees was returning

3. "**Agent.** A person authorized by another to act for him, one intrusted with another's business. *Humphries v. Going*, D.C.N.C., 59 F.R.D. 583, 587 [(1973)]. One who represents and acts for another under the contract or relation of agency (*q.v.*) A business representative, whose function is to bring about, modify, affect, accept performance of, or terminate contractual obligations between principal and third persons. One who undertakes to transact some business, or to manage some affair, for another, by the authority and on account of the latter, and to render an account of it. One who acts for or in place of another by authority from him; a substitute, a deputy, appointed by principal with power to do the things which principal may do. One who deals not only with things, as does a servant, but with persons, using his own discretion as to means, and frequently establishing contractual relations between his principal and third persons.

One authorized to transact all business of principal, or all of principal's business of some particular kind, or all business at some particular place. *Farm Bureau Mut. Ins. Co. v. Coffin*, 136 Ind.App. 12, 186 N.E.2d 180, 182 [(1962)]." Black's Law Dictionary 59 (rev. 5th ed. 1979).

4. **72–223. Third party liability.**—(1) The right to compensation under this law shall not be affected by the fact that the injury, occupational disease or death is caused under circumstances creating in some person other than the employer a legal liability to pay damages therefor, such person so liable being referred to as the third party.
....
(3) If compensation has been claimed and awarded, the employer having paid such compensation or having become liable therefor, shall be subrogated to the rights of the employee, to recover against such third party to the extent of the employer's compensation liability.

from vacation, the statute would not immunize from liability the employee causing the accident.

The question then becomes: What standard shall determine when the statute immunizes an employee and when an employee is subject to suit under I.C. § 72–223? The alternatives generally applied are the "course of employment" standard and the *respondeat superior* standard. Redd argues that the district court correctly applied the "course of employment" standard set out in I.C. §§ 72–102(14)(a)[5] and 72–209(2). Redd contends that we should interpret § 72–209(3) to apply this standard to co-employee immunity cases. Larsen, *supra,* favors the "course of employment" test.

> The more satisfactory test, unless expressly ruled out by statute, is that adopted by New Jersey, Kentucky, Indiana, Oklahoma, and Florida, which simply use the regular workmen's compensation course of employment standard for this purpose. After all, there are troubles and complications enough administering one course of employment test under the act, without adding a second. By adopting the compensation test, a court has at hand a ready-made body of cases with which to dispose of most borderline situations.

Larsen, § 72–23 (citations omitted).

I disagree with Larsen. Initially, the courts of this state should not find it difficult to decide when the doctrine of *respondeat superior* applies, as that doctrine existed and was interpreted long before the Workers' Compensation Law. Further, the *respondeat superior* standard is the most logical to apply when the legislature has not given specific direction on what standard to apply. In *Saala v. McFarland,* 63 Cal.2d 124, 45 Cal.Rptr. 144, 403 P.2d 400, 404 (1965) (citing *Motal v. Industrial Accident Commission,* 29 Cal.Comp.Cases 224 (Oct.1964)), the California court cited a California Industrial Accident Commission referee's reasoning:

[T]he purpose of section 3601 is to make workmen's compensation the exclusive remedy of an injured workman against his employer. *That purpose would be defeated if a right of action existed against a fellow employee acting in the scope of his employment in such a way that the fellow employee's negligence could be imputed to the employer.* For that reason workmen's compensation was also made the exclusive remedy against a fellow workman "acting within the scope of his employment." The words "acting within the scope of his employment" should be construed in the light of the purpose of the section so as not to extend the immunity beyond *respondeat superior* situations. [Emphasis added.]

While the Idaho statute does not contain the "scope of employment" language of the California Worker's Compensation Law, Cal.Lab. Code § 3601 (West 1971) (amended 1970), I find the referee's reasoning persuasive as to the purpose of the co-employee immunity provision in I.C. § 72–209(3). The co-employee immunity doctrine should protect employers against imputed negligence. However, I find no reason that co-employee immunity should extend beyond cases of potential imputed negligence. Moreover, we note that adopting the "course of employment" standard could have the unintended result of reducing the coverage of the Worker's Compensation Law. A case could arise under the co-employee immunity doctrine which had not been addressed under the compensation section of the statute, and a court could hold that the co-employee was not "in the course of employment" and therefore not immune from liability. However, if at some later date an employee were injured while performing the same activity he would be unable to collect workers' compensation benefits. Such an interpretation would conflict with the implicit goal of the statute to provide broad coverage to injured workers. *See* I.C. § 72–201 (1973)

---

**5.** I.C. § 72–102(14)(a) states: "'Injury' means a personal injury caused by an accident arising out of and in the course of any employment covered by the workmen's compensation law."

(defining one of the goals of the Workers' Compensation Law to provide "sure and certain relief for injured workmen and their families ... regardless of questions of fault ...").

Finally, adopting a *respondeat superior* standard would benefit the Workers' Compensation Fund. In any case where a claimant recovered both from the Fund and a co-employee, the Fund would be subrogated to the recovery from the co-employee, I.C. § 72–223(3), thereby reducing total payments from the Fund. For the above reasons, I would adopt a *respondeat superior* standard to govern the co-employee immunity doctrine.

Accordingly, I would reverse the district court's summary judgment order and remand the case for further proceedings consistent with this opinion.

BISTLINE, J., concurs.

