ALLEGHENY MUTUAL CASUALTY
COMPANY, Appellant,

v.

Ella FRANKLIN, Plaintiff-Appellee,

and

Tri-City Comprehensive Community Mental Health Center, Inc.; Glenn Kuipers; Jacqueline Beverly and Ernest Leydet, Defendants-Appellees.

No. 56A03–8703–CV–61.

Court of Appeals of Indiana,
Third District.

Sept. 29, 1987.

Charles E. Johnson, Frank M. Maley, Indianapolis, for appellant.

John R. Highland, Chesterton, for defendants-appellees.

HOFFMAN, Judge.

Appellant Allegheny Mutual Casualty Company appeals the trial court's order requiring Allegheny to pay the proceeds of a bond procured by appellee Ella Franklin. The bond was required prior to Franklin pursuing an action for an injunction against her former employer, appellee Tri-City Comprehensive Community Mental Health Center, Inc., et al. In the underlying action reported at 498 N.E.2d 1303, Tri-City successfully defended its decision to dismiss Franklin. Tri-City then filed a motion to assess damages against Franklin

and Allegheny, as the surety on the bond.[1] On December 31, 1986, the trial court found that Tri-City had incurred $15,000.00 in attorney's fees and assessed damages in that amount. The court apportioned the damages in the amount of $10,000.00 against Allegheny, the full amount of the bond, and $5,000.00 against Franklin.

Allegheny appeals and as restated and consolidated, the issues are:

(1) whether the trial court erred in finding Allegheny liable on the bond in that the agent who executed the bond, Eugene Johnson, was a special agent who acted outside the scope of his authority without the knowledge or consent of Allegheny; and

(2) whether the bond was invalid on its face as security in a civil action when the power of attorney [2] stated "may be executed for recognizance on bail bonds only," and "valid in criminal actions only."

First Allegheny contends that its agent Johnson was a special agent with the limited authority to execute bonds in criminal cases only. The trial court did not make findings of fact and conclusions of law after the hearing on Tri-City's motion to assess damages, and none were requested. However a determination of Allegheny's agent's status is pertinent to review.

■ In Indiana a special agent is an agent " 'who is authorized to do one or more specific acts, in pursuance of particular instructions or within restrictions necessarily implied from the act to be done.' " *Voorhees-Jontz Lum. Co. v. Bezek* (1965), 137 Ind.App. 382, 395–396, 209 N.E.2d 380, 387, quoting *Farm Bureau Mut. Ins. v. Coffin* (1962), 136 Ind.App. 12, 186 N.E.2d 180, 182–183. Further, it is the duty of each person who deals with a special agent to ascertain the extent of the agent's authority before dealing with him. *Voorhees-Jontz, supra,* 137 Ind.App. at 396, 209 N.E.

2d at 387. If a special agent exceeds the scope of his authority, the principal is not bound by his acts. *Voorhees-Jontz, supra.*

■ In the present case the undisputed evidence demonstrated that the power of attorney describing the agent's authority specifically stated that the bonds could only be issued as recognizance bonds in criminal cases. Thus, Johnson was authorized to perform one function in accordance with instructions placed on the face of the power of attorney attached to the bond. Johnson was a special agent. Accordingly, Franklin had the duty to ascertain the extent of Johnson's authority before dealing with him.

■ The appellees argue that Allegheny ratified its agent's acts because Allegheny failed to notify the court and interested parties of the defects in the bond for three years after its issuance. Appellees' ratification argument is premised upon an assumption that Allegheny had knowledge of its agent's acts. This assumption is unsupported by the record. While Franklin testified that she received a receipt for her payment of $1,000.00 to Johnson, there is no evidence that Allegheny received any information on the existence of the bond. The undisputed evidence showed that Allegheny did not receive the premium paid to Johnson, and had no records of the transaction. A principal's knowledge of all material facts is indispensable to ratification of an agent's unauthorized acts. *Floyd v. Jay Cty. Rural Elec. Membership Corp.* (1980), Ind.App., 405 N.E.2d 630, 633.

Accordingly, the order of the trial court must be reversed and the cause is remanded for entry of judgment consistent with this opinion.

Reversed and remanded.

STATON and NEAL, JJ., concur.

---

1. Allegheny is a party to this action as a surety on the bond pursuant to Ind. Rules of Procedure, Trial Rule 65.1.

2. The parties refer to the power of attorney, which should have been attached to the bond, as the bond. While the bond is not essential to review in this case because the issues center around the agent's authority as described in the power of attorney, the record should contain the bond as initially approved by the trial court.