730 P.2d 1005

**Shane L. CORBRIDGE,
Plaintiff-Appellant,**

v.

**CLARK EQUIPMENT COMPANY, a corporation, and John and Jane Does I Through X and John Does Corporation I Through V, Defendants-Respondents.**

No. 16158.

Supreme Court of Idaho.

Dec. 19, 1986.

John Souza, of the firm Whittier & Souza, Pocatello, for plaintiff-appellant.

John R. Goodell (argued), and William D. Olsen, of the firm Racine, Olsen, Nye, Cooper & Budge, Pocatello, for defendants-respondents.

Before DONALDSON, C.J., SHEPARD and BISTLINE, JJ., and McFADDEN and McQUADE, JJ. Pro Tem.

PER CURIAM.

On January 5, 1982, Mr. Corbridge was severely injured while operating a forklift/loader manufactured by defendant Clark Equipment Company. He was steering the loader as it was being towed by a tractor over a rough railroad crossing through a new snowfall of 18 to 24 inches. Mr. Corbridge was sitting in the driver's seat but was not wearing the seatbelt. Prior to the accident, the loader had become stuck in the snow several times.

While attempting to cross the railroad crossing, after violenting rocking back and forth several times, the loader rolled directly forward landing upside down and throwing Corbridge partially out of the driver's seat. The protective cage which surrounds the driver landed on top of Corbridge's legs and severely injured them.

The loader was manufactured by Clark Equipment in 1977 and sold the same year to Foulger Equipment of Pocatello. Foulger leased the machine to various parties until July of 1978 when it sold the loader to Farmer's Grain Cooperative, Mr. Corbridge's employer at the time of the accident. Farmers used the loader to load and unload grain, clean up grain spills and move railroad grain cars. Mr. Corbridge began working for Farmer's in February or March of 1980. He was taught how to operate and drive the loader by another Farmer's employee.

On June 24, 1983, Mr. Corbridge filed a products liability action against Clark

which alleged negligent design, manufacture and labeling. Clark filed a motion for summary judgment based solely on the ground that the applicable statute of limitations, I.C. §§ 6–1403(3) and 5–219(4), barred the action. The district court denied the motion holding that the action was timely because the cause of action accrued and the statute of limitations began to run on the date of injury in 1982, not on the date of manufacture in 1977.

Clark filed a second motion for summary judgment challenging the merits of the case and again raised the statute of limitations as a defense. In the interim, this Court decided the case of *Wing v. Martin*, 107 Idaho 267, 688 P.2d 1172 (1984). Upon the facts presented in *Wing*, it was stated that the statute of limitations for a wrongful labeling cause of action begins to run at the time of sale of the mislabeled product, not at the time when the buyer suffers actual injury. As a result, Judge McDermott believed he had little choice but to grant the motion time-barring plaintiff's cause of action based on a mislabeling theory. In addition, he ruled in favor of defendant Clark Equipment on the merits, holding that Mr. Corbridge had not established sufficient facts, through affidavits or otherwise, to resist Clark's motion. The trial court also ruled, as a matter of law, that the loader was being misused in a manner for which it was not designed at the time of Mr. Corbridge's accident. This appeal ensued.

Plaintiff raises essentially three issues: (1) Whether the trial court erred in ruling, as a matter of law, that towing the Bobcat in deep snow over a rough railroad crossing established the affirmative defense of product misuse? (2) Whether the court erred in ruling that plaintiff had not established facts sufficient to create a material issue of fact? (3) Whether the court erred in ruling that the statute of limitations on a failure to warn or properly label cause of action begins to run at the time of sale? Affirming on the first two issues, we need not pass on the statute of limitations issue.

A motion for summary judgment generally presents only matters of law. On appeal, we review the record only in order to ascertain that there is no genuine triable issue of material fact. In doing so we construe the record most favorably to the party against whom the motion is directed. *Doe v. Durtschi*, 110 Idaho 466, 469–70, 716 P.2d 1238, 1241–42 (1986); *Boise Car & Truck Rental Co. v. Waco, Inc.*, 108 Idaho 780, 781, 702 P.2d 818 (1985).

We first consider whether the affirmative defense of product misuse was established as a matter of law. The Idaho Products Liability Reform Act, I.C. § 6–1405(3)(a) defines misuse of a product as follows:

> "Misuse" occurs when the product user does not act in a manner that would be expected of an ordinary reasonably prudent person who is likely to use the product in the same or similar circumstances.

Product misuse is an affirmative defense in an action against the manufacturer; in addition, the manufacturer has no duty to foresee, protect or warn against product misuse. *McBride v. Ford Motor Co.*, 105 Idaho 753, 761, 673 P.2d 55, 63 (1983).

The deposition testimony of Mr. Corbridge was that the ordinary uses of the machine were to load and unload grain, clean up grain spills and to push railroad cars. However, plaintiff's counsel argues that the presence of a hook on the loader, which was used to attach a tow chain on the day of the accident, indicates that towing was a proper use of the machine.

Viewed most favorably to the plaintiff, these facts support a conclusion that the machine was intended to be towed. However, plaintiff's counsel has overlooked the essential point that it was not towing *per se* which was a misuse, but towing through deep snow over a rough railroad crossing with an abrupt incline which constituted the precise misuse. Testimony to the effect that the loader had a short wheel base also supports the conclusion that the machine was not fashioned suitably for towing under the "circumstances" here present. I.C. § 6–1405(3)(a).

While the language defining misuse in I.C. § 6–1405(3)(a) creates a jury question,

where the undisputed facts lead to only one reasonable conclusion the court may rule as a matter of law. *Mico Mobile Sales & Leasing, Inc. v. Skyline Corp.*, 97 Idaho 408, 412–13, 546 P.2d 54, 58–59 (1975) (involved foreseeability of a superseding cause). Here we cannot say the trial court erred.

 Next, we discuss whether the plaintiff established facts sufficient to create a material issue of fact on the issues of defective design, manufacture, and inspection. Whether a products liability action is predicated on negligence or strict liability, the plaintiff must prove (1) injury, (2) that the injury was proximately caused by a defect, (3) that the defect existed at the time the product left the control of the manufacturer. *Farmer v. International Harvester*, 97 Idaho 742, 746–47, 553 P.2d 1306, 1310–11 (1976). To prove a *prima facie* case, a plaintiff must not only show that the product was defective and unreasonably dangerous, but there must be a lack of evidence of abnormal use and the absence of evidence of reasonable secondary causes which would eliminate liability of the defendant. *Id.* at 747, 553 P.2d at 1311. I.R.C.P. 56(e) provides in relevant part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

It is well settled that a mere scintilla of evidence or only a slight doubt as to the facts is insufficient to withstand summary judgment. *Snake River Equipment Co. v. Christensen*, 107 Idaho 541, 549, 691 P.2d 787, 795 (Ct.App.1984), *review den.* (1985). This Court has held:

> Neither is a mere pleading allegation sufficient to create a genuine issue as against affidavits and other evidentiary materials which show the allegation to be false. *A mere scintilla of evidence is not enough to create an issue; there must be evidence on which a jury might rely. Petricevich v. Salmon River Canal Co.*, 92 Idaho 865, 871, 452 P.2d 362, 368 (1969) (*quoting* 3 Barron & Holtzoff, Federal Practice and Procedure, § 1234, p. 133 (Rules ed. 1958). (Emphasis original.)

In this case, Clark Equipment's brief in support of its summary judgment motion was accompanied by a diagram of the loader as it was when it left the control of the manufacturer. The diagram established the presence of a sign warning the user to fasten the seatbelt before operating. Affidavits of the manager of Farmer's Grain Cooperative and of a field representative for Foulger Equipment established that they inspected the loader and found the warning decals intact, and the safety belt operable. Mr. Corbridge's deposition established that he never wore the seatbelt. Correspondence between the parties and court documents demonstrated that Corbridge's counsel had failed to identify any expert testimony to support the design defects theory up until the very day the matter was argued before Judge McDermott.

In his attempt to resist summary judgment, Corbridge's counsel finally produced a single affidavit by a safety engineer. However, the trial judge ruled, and we agree, that this very brief affidavit was only conclusory in nature, and merely repeated allegations contained in Corbridge's complaint. It did not establish specific facts going to any design defect such as inherent instability. It did not refute Clark's theory that failure to use the operable seatbelt was the cause of Corbridge's injuries. This is precisely the type of flawed affidavit contemplated by I.R.C.P. 56(e) and the case law cited above. Our affirmance of the trial court's decision on issues 1 and 2 is dispositive of this appeal.

We discuss the statute of limitations issue only for purposes of guidance. In the second summary judgment order, defendant Clark Equipment made aggressive use of the then recently decided case of *Wing v. Martin*, 107 Idaho 267, 688 P.2d 1172 (1984). Clark persuaded the trial court

that *Wing* mandated dismissal of Corbridge's claim based on faulty labeling since it failed to comply with the two-year statute of limitations for products liability personal injury cases. I.C. §§ 6–1403(3), 5–219(4).

The *Wing* decision involved, in part, a claim against the manufacturer of an herbicide for failure to properly label its product. The chemical was sold to defendant San Tan Ranches in the summer of 1978. San Tan applied the product to the ground which it held under a lease. Plaintiff Woody Wing took over the lease the following growing season in 1979. His crops emerged stunted and withered and eventually died. Wing's amended complaint, which included the faulty labeling cause of action against DuPont, was filed November 20, 1981. The trial court ruled that the amended complaint, containing a new cause of action, did not relate back to the filing of the first complaint. Therefore, it ruled that the faulty labeling cause of action was time barred under I.C. § 6–1403(3) or I.C. § 5–218(3) (three-year statute of limitations for injury to goods).

In *Wing,* this Court agreed with the trial court that plaintiff's cause of action accrued, thus triggering the running of the statute of limitations, at the time of the sale of the chemical to the former lessee, San Tan Ranches, in the summer of 1978. However, the Court was not faced with the factual situation we address here. In *Wing* the sale was in 1978, injury occurred in 1979, and the amended complaint was filed in 1981. In this case, the initial sale of the loader was in 1977, Mr. Corbridge suffered his injury in 1982, and the complaint was filed in 1983.

Corbridge points out in his brief that the effect of applying *Wing* to the facts here is to rule that the statute of limitations ran before Corbridge's injury occurred. However, that this Court could not have intended such an application is established by our recent decision of *Streib v. Veigel,* 109 Idaho 174, 706 P.2d 63 (1985), written by Justice Shepard.

We held in *Streib* that a cause of action against an accountant for negligent preparation of a tax return accrued only when the taxpayer received a deficiency notice from the Internal Revenue Service, not when the return was prepared. Construing I.C. § 5–219(4), the same provision at issue here, Justice Shepard, in a well-reasoned opinion wrote:

> We specifically note that the statute is not restricted to professional malpractice, but appears to govern all actions for personal injuries. Thus, the provisions purporting to govern the accrual of causes of action for personal injuries outside the area of professional malpractice under this statute are more sweeping than has previously been noted by this Court. Here, the problem posed is professional malpractice in the form of negligent preparation of income tax returns, which alleged malpractice occurred more than two years prior to the time when the plaintiffs sustained damages of penalties and interest assessed by the Internal Revenue Service. In other cases in the general area of personal injury, it is not difficult to postulate situations wherein the act of the defendant will precede by more than two years the occurrence of damages to the plaintiff: the sale of a tainted but frozen piece of meat which is then stored by the purchaser for more than two years before it is prepared and eaten with resultant injuries; or a vintner's sale of a case of wine containing one poisoned bottle, which the customer more than two years later decants and consumes, sustaining tragic injuries as a consequence. *Streib, supra,* 109 Idaho at 175, 706 P.2d at 64.

Or, we might add, to bring the instant case out of the realm of the hypothetical, the sale of an allegedly mislabeled product which causes a personal injury more than two years after the sale takes place. It is clear that language in *Wing* should not have been used to bar a claim in the circumstances here present.

The interpretation of I.C. § 5–219(4) has caused this Court some difficulties over the years. The cases are too numerous to cite. However, we have *never held* that a statute of limitations may run before an aggrieved party suffers damages. The au-

thority to do so is highly doubtful, since it is axiomatic that a party has no right to sue for damages until actual injury occurs. The Supreme Court of the United States long ago declared:

> It may be properly conceded that all statutes of limitation must proceed on the idea that the party has full opportunity afforded him to try his right in the courts. A statute could not bar the existing rights of claimants without affording this opportunity; if it should do so, it would not be a statute of limitations, but an unlawful attempt to extinguish rights arbitrarily, whatever might be the purport of its provisions. *Wilson v. Iseminger*, 185 U.S. 55, 62, 22 S.Ct. 573, 575, 46 L.Ed. 804 (1902).

The decision of the district court is affirmed. Costs to respondent. No attorney's fees awarded.

SHEPARD, J., concurs in the result.