896 P.2d 973

**Doug E. ANDREWS, Claimant–Appellant,**

v.

**LES BOIS MASONRY, INC., Employer,**

**and**

**Idaho State Insurance Fund, Surety, Defendants–Respondents.**

No. 21204

Supreme Court of Idaho, Boise, January 1995 Term.

June 13, 1995.

Bradford S. Eidam, Boise, for appellant.

Ellis, Brown & Sheils Chartered, Boise, for respondents. Max M. Sheils, Jr. argued.

JOHNSON, Justice.

This is a workers' compensation case. The dispositive issue presented is whether the claimant was a travelling employee. We conclude that he was not.

## I.
## THE BACKGROUND AND PRIOR PROCEEDINGS.

Doug Andrews is a former construction worker who worked on various construction projects for several employers in southwestern Idaho. One of Andrews's employers was Les Bois Masonry, Inc. (Les Bois), an Idaho corporation engaged in the masonry construction business. Barry Hinkle of Meridian, Idaho and Kerry Smith of Nampa, Idaho are Les Bois's two stockholders. Les Bois maintains its books at Hinkle's residence and leases a yard in Boise where it stores its equipment. Les Bois does its work at many different construction sites. Approximately ninety percent of these sites are in Ada and Canyon counties, Idaho. Andrews worked for Les Bois on a construction project in Boise in April 1992. During that time he received no compensation for subsistence, mileage, or travel time.

In August 1992, Les Bois asked Andrews if he would work for Les Bois on a construction project in Wenatchee, Washington. As was its policy when a job was too far for a daily commute, Les Bois offered to pay Andrews $30.00 per day for "subsistence," to be spent at Andrews's discretion. Les Bois did not designate any pay for its employees' transportation costs, except for the worker who hauled Les Bois's equipment to the construction site.

Andrews accepted Les Bois's offer and drove three hundred miles in his own car from his home in Weiser, Idaho to the job in Wenatchee, Washington. He remained in Wenatchee throughout the duration of the project, except for one trip to Weiser over the Labor Day weekend to retrieve a camper trailer to save on lodging expenses. During his drive home to Idaho at the completion of the job six weeks later, Andrews was in a car accident near Kennewick, Washington that left him a paraplegic. He received $30.00

subsistence pay for the day he was injured, even though he did not stay in Wenatchee that night.

Andrews submitted a workers' compensation claim seeking compensation for the injuries he received in the accident. The Industrial Commission denied Andrews workers' compensation benefits, concluding that Andrews had not sustained his burden of proving that the accident arose out of and in the course of his employment with Les Bois. Andrews appealed.

## II.
## ANDREWS WAS NOT A TRAVELLING EMPLOYEE.

Andrews asserts that he was entitled to workers' compensation because he was a travelling employee. We disagree.

■ Andrews has the burden of proving that his accident and injuries arose out of and in the course of his employment with Les Bois. To meet this burden, Andrews needed to escape the application of the coming-and-going doctrine, which provides that a worker is ordinarily not in the course of employment while going to or coming from work. *Clark v. Daniel Morine Const. Co.*, 98 Idaho 114, 115, 559 P.2d 293, 294 (1977).

In *Ridgway v. Combined Ins. Cos. of Am.*, 98 Idaho 410, 565 P.2d 1367 (1977), the Court adopted the "travelling employee" doctrine:

The appropriate rule to be applied to determine the scope of workmen's compensation coverage for employees whose work entails travel away from the employer's premises at which the employee normally works is set forth in 1 Larsen, Workmen's Compensation Law, § 25.00, p. 443:

"Employees whose work entails travel away from the employer's premises are held in the majority of jurisdictions to be within the course of their employment continuously during the trip, except when a distinct departure on a personal errand is shown. Thus, injuries arising out of the necessity of sleeping in hotels or eating in restaurants away from home are usually held compensable."

When an employee's work requires [the employee] to travel away from the employer's place of business or [the employee's] normal place of work, the employee is covered by workmen's compensation while [the employee] attends to matters such as eating or securing lodging.

*Id.* at 411–12, 565 P.2d at 1368–69.

More recently, the Court has said that the travelling employee doctrine "provides that when an employee's work requires [the employee] to travel away from the employer's premises, [the employee] will be held to be within the course and scope of [the employee's] employment continuously during the trip, except when a distinct departure for personal business occurs." *Kirkpatrick v. Transtector Sys.*, 114 Idaho 559, 562, 759 P.2d 65, 68 (1988).

■ The travelling employee doctrine does not require that the employee receive travel expenses while travelling. Although the claimant in *Ridgway* received travel expenses, payment of travel expenses was not a requirement for qualifying as a travelling employee according to *Ridgway* or *Kirkpatrick*. Nor do these cases require that the travel itself must be part of the employee's duties. For example, in *Ridgway*, the employee's duties did not include the travel itself. The travel was simply the means of attending meetings that were included in the employment duties.

■ Combining the statements of the travelling employee doctrine in *Ridgway* and *Kirkpatrick* leads us to this restatement:

When an employee's work requires the employee to travel away from the employer's place of business or the employee's normal place of work, the employee will be held to be within the course and scope of employment continuously during the trip, except when a distinct departure for personal business occurs.

■ The Commission found that Les Bois performs virtually all of its work in Ada and Canyon counties, Idaho. For the purposes of this case, however, Wenatchee, Washington must be considered Les Bois's place of business and Andrews's normal place of work. Les Bois hired Andrews to work in Wenat-

chee, and Andrews began and finished his employment there. The subsistence pay Les Bois paid Andrews did not include any travel expense.

Therefore, we conclude that Andrews was not a travelling employee because his work did not require him to travel away from Les Bois's place of business or Andrews's normal place of work.

### III.
### CONCLUSION.

We affirm the Commission's denial of benefits to Andrews.

We award Les Bois costs on appeal.

McDEVITT, C.J., TROUT and SILAK, JJ., and YOUNG, Justice Pro Tem, concur.