# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 38419

| | |
|---|---|
| JOSEPH A. GERDON, | ) |
| | ) Boise, June 2012 Term |
| Plaintiff-Appellant, | ) |
| | ) 2012 Opinion No. 108 |
| v. | ) |
| | ) Filed: July 2, 2012 |
| JOSHUA R. RYDALCH, an individual, | ) |
| | ) Stephen W. Kenyon, Clerk |
| Defendants-Respondents. | ) |
| _____ | ) |

Appeal from the District Court of the Fifth Judicial District of the State of Idaho, Jerome County. Hon. John K. Butler, District Judge.

The district court's grant of summary judgment is <u>affirmed</u>. Attorney's fees and costs on appeal are awarded to Respondent.

Crandall Law Offices and Emil Berg, Boise, attorneys for Appellants. Emil Berg argued.

Anderson, Julian & Hull, LLP, Boise, attorneys for Respondents. Yvonne Dunbar argued.

_____

W. JONES, Justice

## I. NATURE OF THE CASE

This appeal involves a negligence claim arising out of a motor vehicle accident. The Appellant, Joseph Gerdon, was a passenger in an automobile, traveling with the Respondent, Joshua Rydalch, when the vehicle veered off the road and went down an embankment. At the time of the accident, both Gerdon and Rydalch were employees of Con Paulos Chevrolet, Inc., and were transporting a vehicle for their employer. Gerdon and Rydalch were injured during the accident, and both parties received workers' compensation benefits for a work-related injury. Gerdon also filed a Complaint against Rydalch for negligent driving. The district court granted summary judgment in favor of Rydalch, finding that both Gerdon and Rydalch were acting in the course and scope of their employment during the accident. As a result, the district court held that Gerdon's claim of negligence was barred by the exclusive remedy rule under Idaho's Workers'

1

Compensation statutes. Gerdon now appeals to this Court, arguing that the district court erred in holding that Rydalch was acting in the course and scope of his employment at the time of the accident, and that the court abused its discretion by striking a portion of Gerdon's affidavit.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Joseph Gerdon and Joshua Rydalch worked as salesmen for Con Paulos Chevrolet, Inc., ("Con Paulos"), a car dealership located in Jerome, Idaho. Rydalch was a member of Gerdon's sales team, with Gerdon serving as the team's leader. Gerdon's mother ("Mrs. Gerdon") was interested in purchasing a GMC Acadia from Con Paulos. Rydalch testified that he had several conversations with Mrs. Gerdon about facilitating the deal. Jerry King, a manager at Con Paulos, located the desired model at a dealership near Spokane, Washington. On June 11, 2008, arrangements were made for Gerdon and Rydalch to fly to Spokane to retrieve the Acadia, and then drive the vehicle back to the Idaho dealership. Both Gerdon and Rydalch had previously couriered a vehicle on behalf of Con Paulos on at least one occasion prior to the accident. Mrs. Gerdon purchased two plane tickets for Gerdon and Rydalch to retrieve the Acadia because she wanted the vehicle as soon as possible. Con Paulos later reimbursed Mrs. Gerdon for the plane tickets.

On June 12, 2008, Gerdon and Rydalch arrived at the dealership and attended the regular morning sales meeting at 8:30 a.m. After the meeting, both men waited for Con Paulos to issue a check for the purchase of the Acadia from the Washington dealership. Then, Gerdon and Rydalch were expected to begin the travel trip and return back to work at Con Paulos in time for the 8:30 a.m. sales meeting the next morning. After obtaining the check, Gerdon and Rydalch headed to the airport, but they missed their original flight. Gerdon contacted his mother and Mrs. Gerdon purchased a second set of tickets for the men to travel to Spokane.

Once Gerdon and Rydalch arrived in Spokane, Washington, they headed to Elliott Motors dealership and purchased the Acadia on behalf of Con Paulos. When they left the Washington dealership to head back to the Idaho dealership, Gerdon was driving the Acadia. Gerdon continued to drive for a few hours before stopping at a hotel casino to walk around and take a break. Rydalch testified that they were inside the casino for about a half an hour and only gambled "a couple of dollars." Rydalch also testified that neither he nor Gerdon had any food or beverages while inside the casino. Then, when the two men left the casino, Gerdon told Rydalch that he was tired and asked Rydalch to drive the Acadia.

2

Rydalch began driving while Gerdon reclined his seat and fell asleep in the passenger's seat. Then, at approximately 3:49 a.m., Rydalch testified that he saw a deer in the road as he was coming around a bend, he applied the brakes to disengage the cruise control and steered the vehicle toward the left lane to avoid hitting the deer. However, he turned the wheel too far and the driver's side tire dropped off the pavement. At that point, Rydalch lost control of the vehicle and it veered off the road into an embankment and collided with a fence.[1] Gerdon has no personal knowledge of how the accident happened because he was sleeping when the collision occurred. Nevertheless, Gerdon claims that just after the accident, Rydalch told Gerdon that he had no idea how the accident happened. Gerdon suspects that Rydalch fell asleep at the wheel. Both Gerdon and Rydalch were injured as a result of the accident and both men received workers' compensation benefits from their employer, Con Paulos.

Gerdon filed his Workers' Compensation Complaint on September 22, 2009, claiming that while he and his co-worker were traveling from Spokane to Jerome, his co-worker fell asleep at the wheel and the car veered off the road, causing claimant's injuries.[2] Gerdon then filed suit against both Rydalch and Con Paulos on November 18, 2009. In his Complaint, Gerdon alleged that Rydalch was negligent in driving the vehicle at a rate of speed that was unreasonable under the circumstances, and for driving the vehicle without sufficient sleep. Gerdon also attempted to impute negligence to Con Paulos because Rydalch was operating the Acadia with the permission of the dealership. Rydalch and Con Paulos filed a Motion for Summary Judgment, arguing that Gerdon's claim of negligence is barred by the exclusive remedy rule under Idaho's Workers' Compensation statutes. Gerdon opposed the motion, arguing that there is a genuine issue of material fact regarding whether Rydalch was acting in the course and scope of his employment when the accident occurred. Rydalch and Con Paulos filed an Amended Motion for Summary Judgment to supplement the record with the depositions of Joshua Rydalch and Butch Heatwole (a sales manager at Con Paulos). Gerdon relied on his original Memorandum in Opposition to Defendants' Motion for Summary Judgment and included the affidavits of Joseph Gerdon, Mickey Gerdon, and Douglas Crandall. Rydalch and

---

[1] The accident took place in U.S. Highway 95, north of Weiser, in Washington County, Idaho.

[2] Gerdon amended his Workers' Compensation Complaint on February 23, 2010, to change his reference of Rydalch as a "co-worker" to "Josh Rydalch" instead.

Con Paulos moved the court to strike paragraphs 7, 11, 12, and 13 from the Affidavit of Joseph Gerdon, on the grounds that the statements contradicted Gerdon's prior admissions.

On August 23, 2010, the district court held a hearing on Rydalch and Con Paulos' Motion to Strike the Affidavit of Joseph Gerdon. The district court stuck paragraph 7 of Gerdon's affidavit, finding that it was inconsistent with his prior testimony and conclusory. The lower court also granted Rydalch and Con Paulos' Motion for Summary Judgment finding that Gerdon's claim of negligence was barred by the exclusive remedy rule because Rydalch was acting in the course of his employment when the collision took place. Gerdon filed a Motion for Reconsideration, which was denied by the lower court. On November 17, 2010, the district court issued a final judgment granting summary judgment in favor of Rydalch and Con Paulos and dismissing all claims against them. Gerdon filed his Notice of Appeal, but then moved to dismiss Con Paulos as a Respondent. Therefore, Rydalch is the only Respondent in this appeal. Gerdon now appeals to this Court, arguing that the district court erred in granting summary judgment because a genuine material issue of fact exists regarding whether Rydalch was acting in the course of his employment when the accident occurred. Gerdon also argues that the district court abused its discretion in striking a portion of his affidavit.

### III. ISSUES ON APPEAL

1. Whether the district court erred in granting summary judgment, finding that Rydalch was acting in the course and scope of his employment when the accident occurred?

2. Whether the district court abused its discretion by striking a portion of the Affidavit of Joseph A. Gerdon?

3. Whether Rydalch is entitled to attorney's fees on appeal?

### IV. STANDARD OF REVIEW

On appeal from the grant of a motion for summary judgment, this Court utilizes the same standard of review used by the district court originally ruling on the motion. *Shawver v. Huckleberry Estates, LLC*, 140 Idaho 354, 360, 93 P.3d 685, 691 (2004) (internal citations omitted). Summary judgment is appropriate "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). When considering whether the evidence shows a genuine issue of material fact, the trial court must liberally construe the facts, and draw all reasonable inferences in favor of the nonmoving party. *Mitchell v. Bingham Mem'l Hosp.*, 130 Idaho 420, 422, 942 P.2d 544, 546 (1997). Moreover, a

4

mere scintilla of evidence or merely casting a slight doubt of the facts will not defeat summary judgment. *Corbridge v. Clark Equip. Co.*, 112 Idaho 85, 87, 730 P.2d 1005, 1007 (1986). In other words, to create a genuine issue, there must be evidence upon which a jury may rely. *See id.* (citing *Petricevich v. Salmon River Canal Co.*, 92 Idaho 865, 871, 452 P.2d 362, 368 (1969)).

The admissibility of evidence contained in affidavits and depositions in support of or in opposition to a motion for summary judgment is a threshold matter to be addressed by the court before applying the liberal construction and reasonable inferences rule to determine whether the evidence creates a genuine issue of material fact for trial. *Gem State Ins. Co. v. Hutchison*, 145 Idaho 10, 13, 175 P.3d 172, 175 (2007) (citing *Carnell v. Barker Mgmt., Inc.*, 137 Idaho 322, 327, 48 P.3d 651, 656 (2002)). "This Court applies an abuse of discretion standard when reviewing a trial court's determination of the admissibility of testimony offered in connection with a motion for summary judgment." *Id.* at 15, 175 P.3d at 177 (citing *McDaniel v. Inland Northwest Renal Care Group-Idaho, LLC*, 144 Idaho 219, 221, 159 P.3d 856, 858 (2007)). "A trial court does not abuse its discretion if it (1) correctly perceives the issue as discretionary, (2) acts within the bounds of discretion and applies the correct legal standards, and (3) reaches the decision through an exercise of reason." *O'Connor v. Harger Constr., Inc.*, 145 Idaho 904, 909, 188 P.3d 846, 851 (2008) (citing *West Wood Invs., Inc. v. Acord*, 141 Idaho 75, 82, 106 P.3d 401, 408 (2005)).

## V. ANALYSIS

### A. The District Court Did Not Err In Granting Summary Judgment in Favor of Rydalch

#### 1. Rydalch Was Working Within the Course and Scope of his Employment at the Time of the Accident

The district court found that Rydalch was acting within the course and scope of his employment at the time of the accident. As such, the court granted summary judgment, dismissing Gerdon's claims against Rydalch because any claims against his co-employee are barred by the exclusive remedy rule under Idaho's Workers' Compensation law. Gerdon argues that the district court erred in granting summary judgment because a genuine issue of material fact exists regarding whether Rydalch was acting within the course of his employment when the collision occurred. After reviewing the evidence, this Court finds that there are no disputed material facts present in the record. The dispute surrounds whether or not the facts support a finding that Rydalch was acting in the course of his employment when he was driving the Acadia

5

back to Con Paulos on June 13, 2008. This Court upholds the lower court's finding that Rydalch was acting within the course and scope of his employment when the accident occurred.

The Idaho Workers' Compensation Act provides a definite remedy to employees who have been injured during the course and scope of their employment. *See* I.C. § 72-201. Under the exclusive remedy rule, an injured employee cannot sue an employer in tort because the employee's remedy is limited to the recovery received from workers' compensation. *See Baker v. Sullivan*, 132 Idaho 746, 749, 979 P.2d 619, 622 (1999). This Court has previously held that "[i]n Idaho, pursuant to I.C. § 72-211, a person injured in the course of employment has *only* one claim against the employer, and that claim is under the Worker's Compensation Act, not a tort action." *Id.* (citing *Hansen v. Estate of Harvey*, 119 Idaho 333, 336, 806 P.2d 426, 429 (1991)) (emphasis in original).

The Idaho legislature expressly extended an employer's immunity from liability to its employees and agents. Idaho Code section 72-209(3) states:

> The exemption from liability given an employer by this section shall also extend to the employer's surety and to all officers, agents, servants and employees of the employer or surety, provided that such exemptions from liability shall not apply in any case where the injury or death is proximately caused by the wilful [sic] or unprovoked physical aggression of the employer, its officers, agents, servants or employees, the loss of such exemption applying only to the aggressor and shall not be imputable to the employer unless provoked or authorized by the employer, or the employer was a party thereto.

Therefore, while an injured employee who is receiving workers' compensation benefits may bring a negligence claim against a third party tortfeasor, the employee may not bring a claim for negligence against his employer or co-employee because the employer's immunity extends to the employer's employees and agents. *See Wilder v. Redd*, 111 Idaho 141, 143, 721 P.2d 1240, 1242 (1986); I.C. § 72-209. This Court has previously applied the co-employee immunity to employees that acted in the course of their employment. *Wilder*, 111 Idaho at 144, 721 P.2d at 1243. In order for co-employee immunity to attach, there "must be some connection between the defendant's acts and his employment." *See id.* (citing *Blank v. Chawla*, 234 Kan. 975, 678 P.2d 162, 168 (1984)).

It is undisputed that both Gerdon and Rydalch worked as salesmen for Con Paulos prior to the accident. They were both involved in the plan to sell a Con Paulos vehicle to Mrs. Gerdon. Con Paulos instructed Mrs. Gerdon to purchase plane tickets for both Gerdon and Rydalch to facilitate the sale as soon as possible. Con Paulos reimbursed Mrs. Gerdon for both

6

Gerdon and Rydalch's plane tickets to retrieve the Acadia. On June 12, 2008, both Gerdon and Rydalch arrived to work at their normal time and attended the regular sales meeting at 8:30 a.m., just as they would start any typical work day. After the meeting, both men waited to obtain a check from Con Paulos to purchase the Acadia from the Washington dealership. Then, Gerdon and Rydalch went to the Boise airport and traveled to Spokane, Washington. Next, the men purchased the Acadia on behalf of Con Paulos from Elliott Motors, and began driving the vehicle back to Con Paulos. At approximately 3:49 a.m., Rydalch lost control of the vehicle and collided with a fence. Both Gerdon and Rydalch received workers' compensation benefits for their injuries resulting from the car accident. Rydalch testified that Con Paulos filed his workers' compensation claim on his behalf. Moreover, there is no evidence that Con Paulos contested this claim. This implies that Con Paulos admitted that Rydalch was injured while working in the course of his employment on June 13, 2008, because it is in an employer's financial interest to dispute claims for workers' compensation if the employer contests that the injury occurred within the course and scope of employment.

Gerdon advances several theories to bolster his argument that Rydalch was not in the course of his employment. Gerdon argues that Rydalch was not acting in the course of his employment while he was driving the Acadia because Jerry King, a manager at Con Paulos, did not specifically authorize Rydalch to courier the vehicle. In his affidavit, King stated that he instructed Gerdon to retrieve the Acadia "as a one man show," and never authorized Rydalch to accompany Gerdon on the road trip. Even so, King's authorization is not determinative of whether Rydalch was acting in the course of his employment. In fact, King also testified that he outlined a specific route for Gerdon to follow using only interstate highways. Nevertheless, Rydalch testified that he and Gerdon drove on back roads because Gerdon insisted that it was the quickest route. Yet Gerdon's deviation did not render his actions outside the course of employment for workers' compensation benefits. Furthermore, Gerdon and Rydalch were not employed by King, and therefore, his approval was not determinative. The facts support the notion that Con Paulos, the employer, authorized Rydalch's accompaniment on the trip to retrieve the Acadia. Mrs. Gerdon testified that Con Paulos requested her to purchase plane tickets for both Gerdon and Rydalch. Further, Con Paulos reimbursed Mrs. Gerdon for both Gerdon and Rydalch's tickets. When Gerdon and Rydalch arrived at the 8:30 a.m. sales meeting, Butch Heatwole, the sales manager, knew that Rydalch was going to travel to Washington with

7

Gerdon to pick up the Acadia and testified that those plans had already been made prior to June 12, 2008. In Gerdon's own affidavit, he admitted that Heatwole informed Gerdon that the Acadia deal "would only get done" if he and Rydalch retrieved the vehicle together.

Gerdon also argues that Rydalch was not acting in the course of his employment during the trip because Rydalch chose to accompany Gerdon on the trip for personal reasons. This Court has held that the travelling employee doctrine "'provides that when an employee's work requires [the employee] to travel away from the employer's premises, [the employee] will be held to be within the course and scope of [the employee's] employment continuously during the trip, except when a distinct departure for personal business occurs.'" *Andrews v. Les Bois Masonry*, 127 Idaho 65, 67, 896 P.2d 973, 975 (1995) (quoting *Kirkpatrick v. Transtector Sys.*, 114 Idaho 559, 562, 759 P.2d 65, 68 (1988)). Generally, work performed with the purpose of serving or benefiting the employer falls within the course and scope of employment. *See Wooley Trust v. DeBest Plumbing*, 133 Idaho 180, 184, 983 P.2d 834, 838 (1999). Nevertheless, work performed with personal motives can still be within the course of employment. "An act done partly for personal reasons and partly to serve an employer is still within the scope of employment." *Mortimer v. Riviera Apartments*, 122 Idaho 839, 845, 840 P.2d 383, 389 (1992) (citing *Van Vranken v. Fence-Craft*, 91 Idaho 742, 749, 430 P.2d 488, 495 (1967)).

Rydalch was performing a duty closely related to his course of employment as a salesman. Heatwole testified that the duties of Con Paulos' salesmen include couriering vehicles from time to time in order to facilitate sales. Moreover, prior to the accident, Gerdon and Rydalch had previously couriered a vehicle on behalf of Con Paulos from Utah. Furthermore, Rydalch's assistance in transporting the Acadia back to the Con Paulos dealership clearly benefited his employer because it enabled the dealership to complete the sales transaction. Therefore, even if Rydalch accompanied Gerdon for some personal reason, Rydalch was still acting within the course of his employment because he was concurrently serving his employer by driving the Acadia on behalf of Con Paulos. Although Gerdon asserted that Rydalch joined Gerdon on the road trip for personal reasons, there was no evidence of any specific personal matter that was accomplished by Rydalch during the trip, other than serving as a companion and going along for the ride. In fact, Rydalch testified that he went to pick up the Acadia "because it was my car deal."

8

Lastly, Gerdon argues that the facts do not support a finding that Rydalch was acting in the course of his employment because it was Rydalch's day off and he was not compensated for that day. The Court finds this argument unpersuasive. Gerdon continues to assert that because it was Gerdon's day off, and Rydalch was on Gerdon's sales team, it was therefore Rydalch's day off too. Other than Gerdon's unsupported assertion, there is no evidence to support this proposition. Both Rydalch and Heatwole testified that because the dealership was short staffed around the time of the accident, there were no formal work schedules. Salesmen were expected to come to work and show up at the 8:30 a.m. sales meeting, six days a week. Heatwole would verbally let the salesmen know if they had a particular day off that week by simply telling the employee a day in advance. During his deposition, Rydalch testified that "Butch [Heatwole] would try and give us a day off sometime throughout a week. And everybody just showed up every day unless he told you the night before that it was okay to have a day off." Rydalch testified that Heatwole never told him that June 13, 2008 would be his day off after the sales meeting on June 12, 2008. Furthermore, whether it was Rydalch's day off or not is irrelevant because employees can perform work within the course of their employment on their days off and without additional pay. This is evidenced by the fact that although Gerdon claims that the day of the accident was his day off, he was still deemed to be working in the course of his employment for workers' compensation benefits. Gerdon claims that because Rydalch was not compensated the daily guarantee of $77.00 on the day of the accident, this Court should infer that the lack of compensation proves that Rydalch was not working. However, Con Paulos' payroll records refute this argument by showing that Rydalch's rate of pay was based solely on commissions during June of 2008. Rydalch did not receive a daily guarantee of $77.00 until sometime after June 13, 2008.

Based on the reasons stated above, this Court upholds the district court's finding that Rydalch was acting within the course and scope of his employment for Con Paulos when the car accident occurred. The material facts surrounding this finding are not in dispute and Rydalch is entitled to judgment as a matter of law. Even giving Gerdon the benefit of any doubt, at best, there is nothing more than a scintilla of evidence to support his position and this Court has previously held that a scintilla of evidence is not sufficient to defeat summary judgment. *See Corbridge*, 112 Idaho at 87, 730 P.2d at 1007. Therefore, because Rydalch was working in the course of his employment on June 13, 2008, and was a co-employee of Gerdon at that time, and

both men received workers' compensation benefits from Con Paulos, Gerdon's claim of negligence against his co-employee is barred by the exclusive remedy rule under Idaho's Workers' Compensation law. Therefore, this Court affirms the lower court's grant of summary judgment in favor of Rydalch.

**B.      The District Court Did Not Abuse Its Discretion by Striking a Portion of the Affidavit of Joseph A. Gerdon**

Gerdon filed an affidavit in opposition to Rydalch's Motion for Summary Judgment. Rydalch moved to strike paragraphs 7, 11, 12, and 13 of Gerdon's affidavit on the grounds that Gerdon's statements were inconsistent with his Workers' Compensation Complaint and inconsistent with previous statements made during discovery. The district court struck paragraph 7 of Gerdon's affidavit, finding that it was inconsistent with Gerdon's former testimony and that it was conclusory.[3] Paragraph 7 of Gerdon's affidavit stated "[t]hat because Defendant Joshua Rydalch was on Affiant's team and it was your Affiant's day off on the day of the accident, it was therefore Defendant Josh Rydalch's day off."

Idaho Rule of Civil Procedure 56(e) states: "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." I.R.C.P. 56(e).   Furthermore, these requirements "are not satisfied by an affidavit that is conclusory, based on hearsay, and not supported by personal knowledge." *State v. Shama Resources Ltd. Partnership*, 127 Idaho 267, 271, 899 P.2d 977, 981 (1995). "This Court applies an abuse of discretion standard when reviewing a trial court's determination of the admissibility of testimony offered in connection with a motion for summary judgment." *J-U-B Eng'rs, Inc. v. Sec. Ins., Co. of Hartford*, 146 Idaho 311, 314, 193 P.3d 858, 861 (2008) (citing *Gem State Ins. Co. v. Hutchison*, 145 Idaho 10, 15, 175 P.3d 172, 177 (2007). "A trial court does not abuse its discretion if it (1) correctly perceives the issue as discretionary, (2) acts within the bounds of discretion and applies the correct legal standards, and (3) reaches the decision through an exercise of reason." *O'Connor v. Harger Constr., Inc.*, 145 Idaho 904, 909, 188 P.3d 846, 851 (2008) (citing *West Wood Invs., Inc. v. Acord*, 141 Idaho 75, 82, 106 P.3d 401, 408 (2005)).

The district court analyzed the statements made in Gerdon's affidavit with his prior statements. Specifically, the court noted that Gerdon admitted that he was working in the course

---

[3] The district court did not strike paragraphs 11, 12 or 13 of Gerdon's affidavit.

10

of his employment on the day of the accident. Gerdon further admitted that the accident was a work-related injury. Gerdon's acknowledgement that he was working when the accident occurred is further bolstered by his Workers' Compensation Complaint. The district court found the part of paragraph 7 stating that it was Gerdon's day off to be contradictory because Gerdon "never denied that he was working, though his affidavit states that both plaintiff and defendant have the same days off work." The lower court found this portion of the sentence to be inconsistent and irrelevant. The court further found that the part of paragraph 7 explaining that it was Rydalch's day off was conclusory and lacked any foundation to support such an assertion.

A witness's affidavit testimony that is inconsistent with the witness's prior testimony is not sufficient to justify striking that portion of the affidavit. Inconsistency is a matter for cross-examination and it should not bar the admissibility of the statement. Nevertheless, this Court agrees that paragraph 7 was conclusory. Gerdon's assertion that it was Rydalch's day off, simply because Rydalch was on Gerdon's team and it was Gerdon's day off, is conclusory and lacks foundation. Gerdon failed to establish a foundation demonstrating his competency to testify to Rydalch's work schedule. Therefore, this Court affirms the district court's ruling because the district court did not abuse its discretion in striking paragraph 7 of Gerdon's affidavit testimony.

## C.     Rydalch Is Entitled to Attorney's Fees on Appeal

Rydalch requested attorney's fees on appeal under Idaho Code section 12-121, arguing that Gerdon's appeal was frivolous. Idaho Code section 12-121 "permits an award of attorney fees in a civil action to the prevailing party if the court determines the case was brought, pursued or defended frivolously, unreasonably or without foundation." *Newberry v. Martens*, 142 Idaho 284, 292–93, 127 P.3d 187, 195–96 (2005). Gerdon's arguments are frivolous and unreasonable in light of Idaho's well established law regarding what constitutes acting in the course of employment. Therefore, this Court grants Rydalch's request for attorney's fees.

## VI. CONCLUSION

This Court affirms the district court's grant of summary judgment in favor of Rydalch because he was acting in the course of employment when the accident occurred, and therefore, Gerdon's claim of negligence is barred by the exclusive remedy rule. This Court further finds that the district court did not abuse its discretion in striking a portion of the Affidavit of Joseph

A. Gerdon. Lastly, the Court grants Rydalch's request for attorney's fees on appeal and awards costs on appeal to Rydalch.

Chief Justice BURDICK, Justices EISMANN, and J. JONES CONCUR.

HORTON, J., concurring.

I join in the Court's opinion. I write separately to further explain why I join in the Court's decision in Part V(B) of the Court's opinion, upholding the district court's determination that paragraph 7 of Gerdon's affidavit should be stricken.

Rule 56(e), I.R.C.P., addresses the form of affidavits to be submitted in connection with summary judgment proceedings. The rule specifies: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Gerdon's affidavit recites, in pertinent part:

2. The information contained herein is of your Affiant's *own personal knowledge and/or belief* in this matter.

3. That your Affiant is competent to testify to the matters stated herein.

(emphasis added).

The qualifying language "and/or belief" contravenes the rule's requirement that the contents of an affidavit be based upon personal knowledge of the affiant. The assertion, found in paragraph 3, that Gerdon "is competent to testify to the matters stated herein" falls woefully short of the rule's requirement that the affidavit "shall show affirmatively that the affiant is competent to testify to the matters" addressed in the affidavit.

Paragraph 7 of Gerdon's affidavit contains the following statement: "because Defendant Joshua Rydalch was on Affiant's team and it was your Affiant's day off on the day of the accident, it was therefore Defendant Joshua Rydalch's day off." The affidavit contains no facts constituting an explanation why team membership had any correlation with team member's work schedules.

Given the prefatory statement in Gerdon's affidavit, it is equally likely that paragraph 7 is based upon Gerdon's "belief" as it is based upon unrevealed facts of which Gerdon has personal knowledge. Accepting both propositions as potentially being true, the affidavit was properly stricken as: (a) not based upon Gerdon's personal knowledge; or (b) conclusory, because the affidavit failed to "show affirmatively" that Gerdon was competent to make the statement based

12

upon personal knowledge of predicate facts. In either event, the district court properly concluded that paragraph 7 of Gerdon's affidavit was inadmissible and therefore not properly considered in these summary judgment proceedings.